# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

WILLIAM BLAND *et al.*

*v.*

DAVID BLAND *et al.*

*Filed at Ottawa May 12, 1882.*

1. WILL—*rule of construction.* In the construction of a will to ascertain the intention of the testator, it is not proper to look at some particular clause or clauses alone, but it must be considered in all its parts, taken together. A construction should not be adopted, if possible to be avoided, that will deny effect being given to any clause thereof, but one should be given that would harmonize the several clauses, and give effect to each.

2. SAME—*construed as to who shall take an estate.* A testator provided in his will as follows: "First, after all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to-wit: To my wife and five youngest children," naming them, "the farm and all its appurtenances thereunto belonging," giving a description of the farm. "All the rest, residue and remainder of my personal estate to my beloved wife and the five above named heirs,—that is to say, to my wife during her natural life, and to the minor heirs until they become of lawful age to account for themselves. To my other heirs and oldest children, heirs at law, I give and bequeath the sum of five dollars each," etc., and concluding, "and at the time of the youngest heir becoming of lawful age, the property, both real and personal, to be divided amongst my children, share and share alike:" *Held,* that the testator's intention was that the farm, as well as the personalty, should be divided and pass to all his children, share and share alike, when the youngest child

became of age, and that the devise of the farm to the widow and five young-
est children was not a devise to them absolutely, but a qualified devise to
them until the youngest child should come of age, and that the limitation of
the devise was the same as to both the real and personal estate.

3. SAME—*when word "heir" means child.* In such will the word "heir,"
in the clause providing that the property be divided when the youngest *heir*
should become of age, means "child," and a partition may be had when the
youngest child is of age, although one of the devisees may have died, leaving
a minor heir.

APPEAL from the Circuit Court of Peoria county; the Hon.
JOHN BURNS, Judge, presiding.

This was a bill in chancery for a partition of certain real
estate, and assignment of dower therein, brought in the cir-
cuit court of Peoria county by appellants, representing the
four elder children of John Bland, deceased, against appel-
lees, representing the widow and five younger children of
said deceased, and basing their right to the relief asked upon
the provisions of the will of such decedent.   The bill sets out
the will, the provisions of which, material to be considered,
are as follows:   "First, after all my lawful debts are paid
and discharged, the residue of my estate, real and personal,
I give, bequeath and dispose of as follows, to-wit.:   To my
beloved wife and five youngest children,—that is to say,
Rachel Ann Bland, Charlotte Bland, Elizabeth J. Bland,
David Bland, and Eliza Paradine Bland,—the farm and all
its appurtenances thereunto belonging, known and described
as follows, to-wit: it being 157 acres, being and lying in the
south-west quarter of section 34, in township 11, north of the
base line, in range 8, east of the fourth principal meridian.
All the rest, residue and remainder of my personal estate also
to my beloved wife and the five above named heirs,—that is
to say, to my wife during her natural life, and to the minor
heirs until they become of lawful age to account for them-
selves.   To my other heirs and oldest children, heirs at law,
I give and bequeath the sum of five dollars each; to Margaret
Bland five dollars, to William Bland five dollars, to Mary

Ellen Pierce five dollars, and to John A. Bland five dollars and two yearling colts, (one is a bright bay, the other is brown, with a bald face and white hind legs) ; and at the time of the youngest heir becoming of lawful age, the property, both real and personal, to be divided amongst my children, share and share alike." The will bears date October 8, 1862. The bill avers that John Bland died in 1863 or 1864, that the real estate described in the will is all the real estate owned by him at the making of his will and at his death, and that the youngest child long since became of lawful age. The circuit court sustained a demurrer to the bill and dismissed the same, and the complainants appealed.

Messrs. STEVENS & LEE, for the appellants : ·

The intention of the testator, as gathered from the whole will, must govern, and, if possible, effect should be given to every part. It being admitted by the demurrer that there was no other real estate than that mentioned in the first clause of the will, it will be presumed the testator referred to it in providing for a division.

If the first and third clauses of the will are repugnant, the latter must be considered as modifying or abrogating the former. *Brownfield* v. *Wilson,* 78 Ill. 467 ; *Smythe* v. *Taylor,* 21 id. 296 ; *Caruthers·* v. *McNeil,* 97 id. 256 ; *Johnson* v. *Johnson,* 42 id. 425 ; *Poole* v. *Blakie,* 53 id. 295 ; *Wesch* v. *Belleville Savings Bank,* 94 id. 191.

There are two constructions that may be given to the will without doing injustice to any one :

*First*—The widow took a life estate in the personal property by the express terms of the will ; now, giving her dower in the real estate, and, under the last clause of the will, dividing the balance equally among all the children, would work no injustice to any one.

*Second*—If the first and second clauses of the will should be considered as connected, and constituting but one clause,

then the widow would take a life estate in both the real and personal property. By the last clause of the will, the youngest child having long since become of age, the property should be divided among all the children equally, subject to the life estate of the widow. It is immaterial to complainants which interpretation shall prevail. But to give the will the construction contended for by the respondents, would be an act of injustice to the older children never intended by the testator.

Messrs. COOPER & TENNERY, for the appellees:

The rule that in case of repugnancy in different parts of a will the last part is to be held as modifying or defeating the first, is not one of general application, and is adopted only in extreme cases, and from necessity. *Rountree* v. *Talbot,* 89 Ill. 246.

The first clause unqualifiedly gives "the farm and all its appurtenances" to the testator's wife and five younger children. The second clause was not designed to change the first, but rather to fix the time when the division of the farm between the parties thus designated was to be made. It could not have been intended to operate as a grant of any interest in the land to any one.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The question presented is simply one of the construction of the will,—whether, as appellants claim, all the children of the testator, the older as well as the younger set, are to share equally in the land described in the will, or whether, as appellees claim, the widow and the five younger children take the land in fee and in equal parts among them to the exclusion altogether of the four older children.

Looking at the first clause of the will by itself, the widow and five youngest children take the whole land absolutely, and taking the first and second clauses by themselves, the

more natural construction would be the same, that the widow and five youngest children take the land absolutely, and as to the personal estate, that that was given to them only during the natural life of the widow, and until the minor heirs became of age. But this looking at, and resting upon, some particular clause or clauses of an instrument is not the right mode of construing it,—it must be looked to in all its parts, and the entire will be considered together, in order to ascertain what is its meaning. Now, when we come to look at the last clause of this will, we see that when the youngest child becomes of age, the property, both real and personal, is to be divided amongst the testator's children, share and share alike. It is *the property,* both real and personal, which is to be thus divided,—that is, the property before mentioned and devised. As this farm devised was all the real property the testator had at the making of the will and his death, as the demurrer admits, it was this farm,—the real property he had been speaking of and had devised to his wife and five youngest children,—which, no doubt, the testator had in mind when he said, the property, both real and personal, should be divided amongst his children. And he said it should be divided amongst his children,—not amongst his five youngest children.

Appellees' construction disregards this third clause, and denies to it any force and effect, but the will is to be so construed, if possible, as to allow effect to every part. It is the intention of the testator derived from the whole will which must govern. Reading, then, these three clauses of the will together, we find that it was the intention of the testator that this farm which he devised should be divided among all his children, share and share alike, when the youngest child came of age; that the devise of the farm to the widow and five youngest children mentioned in the first clause was not a devise to them absolutely, but a qualified devise to them until the youngest child should come of age; that there was

the same limitation of the devise of the real estate that there was of the personal estate; that in the second clause, "all the rest, residue and remainder of my personal estate also to my beloved wife and the five above named heirs,—that is to say, to my wife during her natural life, and to the minor heirs until they become of lawful age to account for themselves,"—the limitation therein following the words "that is to say," is not confined to the personal property, as would seem the more natural construction from the reading of this clause alone, but that it applies to the real estate as well as to the personal property. Such we believe to be the true construction in view of the last clause,—the one which effectuates the intention of the testator as there manifested,—and which the application of the well known rules of construction requires to be made. It is necessary in order to give effect to the last clause, and it gives effect to all the clauses of the will.

In *Rountree* v. *Talbot,* 89 Ill. 249, this court said: "The great and leading principle in the construction of wills is, that the intention of the testator, if not inconsistent with the rules of law, shall govern, and this intention is to be ascertained from the whole will taken together. Courts will, if possible, adopt such construction as will uphold all the provisions of the will." So in *Brownfield* v. *Wilson,* 78 Ill. 467, it was said: "It is one of the familiar rules of construction, whether of a will or other instrument, that in cases of doubt all its parts should be considered together, and, if possible, to give every clause and provision effect according to the intention of the maker. When ascertained, the intention of the testator must be enforced." And further: "The question, however, is, the entire instrument considered, what did the testator intend by the will?" And see *City of Peoria* v. *Darst,* 101 Ill. 609.

We find that by this will he intended this farm should be divided amongst all his children, share and share alike, when the youngest of them came of age.

In case of this being found to be the true construction of the will, the question is suggested whether any division of the property can now be had.   This question is raised upon the showing of the bill that one of the five younger children has deceased, leaving an only child and heir, which is still a minor, and by the terms of the will the property is to be divided "at the time of the youngest *heir* becoming of lawful age."  We have no doubt that by the term "heir" the testator meant child, and as the bill avers the youngest child had become of lawful age, we see no obstacle in the way of a present partition.

The decree of the circuit court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*