BENEDICT FISHBACK *et al.*

*v.*

CHARLES L. JOESTING *et al.*

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

1. WILLS—*when word "heirs" will be given the meaning of "children."* The word "heirs" in a devise to the testator's "wife and child or children, or their heirs," will be given the meaning of "children," where the testator was a business man who wrote his own will.

2. SAME—*will construed as to the nature of the contingency provided for.* A devise to the testator's wife and child or children, or their heirs who might be living at his death, but in case the testator, his wife or child or children should die without such child or children having heirs the property to go to others, contemplates the contingency of the wife and child or children dying before the testator without issue to the child or children, and upon the death of the testator leaving a wife and child surviving the latter take an absolute estate.

PHILLIPS, J., dissenting.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

DUNNEGAN & LEVERETT, for appellant Benedict Fishback:

In construing wills parol testimony is competent to prove the circumstances surrounding the testator, the condition of his property, his relations to his family, etc. *Ransdell* v. *Brown*, 172 Ill. 439; *Hawkins* v. *Railroad Co.* 165 id. 561.

It is a disposition of courts to adopt such a construction as will give an estate of inheritance to the first donee. *Giles* v. *Anslow*, 128 Ill. 187.

No words in a will ought to be so construed as to defeat the title of the heirs-at-law if they can have any other significance. Woerner on Am. Law of Admn. 883.

The word "heirs" in a will in this State will include a surviving husband. *Richards* v. *Miller*, 62 Ill. 417.

A clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate such an intention. 29 Am. & Eng. Ency. of Law, 369; *Biddle's Estate*, 28 Pa. St. 59; *Moore* v. *Gary*, 48 N. E. Rep. 630; *Rothwell* v. *Jamieson*, 49 S. W. Rep. 503; *Lawler* v. *Holohan*, 70 Conn. 87; *Siddons* v. *Cockrell*, 131 Ill. 653; *Duryea* v. *Duryea*, 85 id. 41; *Carpenter* v. *VanOlinder*, 127 id. 42.

WISE & McNULTY, for appellant Annie S. Davis.

ALEXANDER W. HOPE, for appellees:

The will in question gave the testator's wife and daughter a fee determinable or life estate, which would become an absolute fee if the daughter had died leaving children. *Smith* v. *Kimbell*, 153 Ill. 368; *Lombard* v. *Whitbeck*, 173 id. 407.

The word "heirs" will be construed as "child" or "children" in order to carry out the intention of the testator. *Bland* v. *Bland*, 103 Ill. 11; *Summers* v. *Smith*, 127 id. 645; *Griswold* v. *Hicks*, 132 id. 494; *Smith* v. *Kimbell*, 153 id. 368.

A fee cannot be limited upon a fee by deed, yet it can be so limited by will by way of executory devise. *Smith* v. *Kimbell*, 153 Ill. 368; *McCampbell* v. *Mason*, 151 id. 500; *Siegwald* v. *Siegwald*, 37 id. 430; *Palmer* v. *Cook*, 159 id. 300.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 31, 1865, Anthony L. Hoppe wrote his will and executed it with due formalities. He died October 29, 1866, and the will was probated. The will disposed of his property as follows: "After all my lawful debts are discharged, the residue of my estate, real and personal, I give and dispose of as follows, to-wit: To my beloved wife and child or children, or their heirs, who may be living at the time of my decease, all the following property [describing the property]. If it shall happen that myself, my wife, my child or children shall depart

this life without my child or children have no heirs, in such a case all of my property shall be disposed of as follows, to-wit," giving his residence to his father-in-law, Frederick W. Joesting, for life, with remainder to Charles L. Joesting, his brother-in-law, and his other property to his brothers and sisters or their heirs. When the testator died he left a widow, Louise A. Hoppe, and a daughter, Ottilia H. Hoppe. The widow was married again and died testate in May, 1890, leaving a son, Leonard Elble. The daughter married Benedict Fishback, but never had a child, and died testate in October, 1898, devising her property to her husband, the appellant Benedict Fishback. The widow of the testator and his daughter made mortgages of premises devised by the will, to Andrew Mather, and the notes and mortgages are owned by the appellant Annie S. Davis. Appellees, who claim under the second provision of the will, which was to take effect upon the contingency stated in the will, as aforesaid, filed their bill in this case against the appellants, alleging that said provision had taken effect by the death of the daughter, Ottilia H. Fishback, in October, 1898, leaving no child, and asking for a construction of the will and that the mortgages might be set aside as clouds on their title. There was a hearing and these facts were proved. It was also shown that the testator was a merchant in Alton, and wrote his own will when in poor health and about to go to Germany for his health with his wife and daughter, who comprised his whole family. They went and all returned, but he was not benefited by the trip and died. The circuit court agreed with appellees, and entered a decree setting aside the mortgages and vesting the property in appellees, according to the prayer of their bill.

There is a question whether the bill was sufficient to call on a court of equity to act, but we prefer to dispose of the case on the merits, as appellees insist shall be done.

183—30

The testator gave his property to his wife and child or children, or their heirs, who might be living at his death, but if he and his wife and his child or children should all die and there should be no heirs of the children, then it should go to the others.  He was a merchant, and used the natural language of a business man in the provision respecting heirs of his child or children. He evidently meant children by the word "heirs," and it is to be so construed.  *Bland* v. *Bland,* 103 Ill. 11; *Summers* v. *Smith,* 127 id. 645; *Griswold* v. *Hicks,* 132 id. 494; *Smith* v. *Kimbell,* 153 id. 368.

The first gift is absolute, with no indication of an intention to limit the estate in any way; but the testator made provision that if the wife and child or children should be dead and there should be no grandchildren the estate should go to others.  He coupled his own death with that of his wife and child or children, showing that he had in mind that event as the time when there might be a failure of the first provision to take effect.  The contingency provided for was the death of the testator's wife and daughter in his lifetime with no issue of the daughter, and this accords with the general rule of construction even where the testator does not fix the event at his own death.  (*Arnold* v. *Alden,* 173 Ill. 229; *Estate of Biddle,* 28 Pa. St. 59; *Austin* v. *Bristol,* 40 Conn. 120.)  At the death of Anthony L. Hoppe, his wife, Louise A., and his daughter, Ottilia H., were living, and the will gave them the absolute estate.  The contingency upon which the devise to them might fail never occurred.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill of complaint.                    *Reversed and remanded.*

Mr. JUSTICE PHILLIPS, dissenting.