### JAMES A. BRADSBY *et al.*

*v.*

### JAMES A. WALLACE *et al.*

*Opinion filed April 24, 1903.*

1. WILLS—*when word "heirs" will be given the meaning of "children."* The word "heirs," used in a clause of a will providing that the property shall descend to certain parties in case the first devisee should die "leaving no heirs," will be given the meaning of "children," since no one can die without leaving heirs, in a legal sense.

2. SAME—*paramount rule is to ascertain intention of testator.* While the courts are disposed to favor such a construction of a will as will give an absolute fee to the first taker, yet the paramount rule is to ascertain the intention of the testator and give it effect if not prohibited by law.

3. SAME—*when limitation over, in case of death of first devisee, takes effect.* If the death of the first taker is coupled by the will with circumstances which may or may not take place, as death without leaving children, the limitation over, unless controlled by other provisions of the will, takes effect upon the first taker's death, under the circumstances indicated, at any time, whether before or after the death of the testator.

4. SAME—*when will passes a base or determinable fee.* A devise of real estate to testator's son, but in case the son should die leaving no heirs then the property devised to descend to named persons, passes a base or determinable fee to the son, which will determine upon the death of the son *at any time* without leaving children, where there is no other provision of the will showing a contrary intention. (*Arnold* v. *Alden*, 173 Ill. 229, explained.)

APPEAL from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

W. N. HORNER, and DILL & WILDERMAN, for appellants:

The first taker named by a testator, especially where he is an heir, is always the first object of the testator's bounty and solicitude, and where an estate is given him in terms which, if they stood alone, vest in him an absolute estate, such estate will not be cut down to a life estate, or what is, so far as practical results are concerned, the same thing, subjected to a defeasible condition on his dying without issue or without leaving issue, by an executory limitation over upon the occurrence of that event at any time, unless the language of the testator leaves no room for doubt or construction. Smith on Executory Interests, secs. 224-226; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Saeger* v. *Bode*, 181 Ill. 514; *Banzer* v. *Banzer*, 156 N. Y. 429; *Goodwin* v. *Coddington*, 154 id. 283; *Washburn* v. *Cope*, 144 id. 287; *Benson* v. *Corbin*, 145 id. 351; *Byrnes* v. *Stilwell*, 103 id. 453; *Roberts* v. *Roberts*, 140 Ill. 345.

In this State a fee tail cannot arise by implication where a devise is upon a condition subsequent, followed by a limitation over based upon an indefinite failure of issue, for such condition and limitation contravene the rule against perpetuities and are void, and, being void, the estate vests absolutely in the first taker, hence a life estate cannot arise in this way, by implication. *Post* v. *Rohrbach*, 142 Ill. 600; *Nevitt* v. *Woodburn*, 82 Ill. App. 649.

Where a testator devises property to one, and provides that in case the devisee shall die leaving no heirs or children or issue the devised estate shall go over, this is not a devise to the heirs or children, but the mere statement of the condition upon which the first taker's estate is to determine, and such a devise is not a fee tail or life estate, under our statute. *Lombard* v. *Witbeck*, 173 Ill. 396; *Post* v. *Rohrbach*, 142 id. 600; *Doe* v. *Wetton*, 2 Bos.

& Pul. 324; *Knight* v. *Rugg,* 7 T. R. 322; *Addison* v. *Rusk,* 14 Beav. 459; 1 Underhill on Wills, sec. 468.

. If the testator devise property in fee in words conferring an absolute estate,—not merely for life,—which it is apparent he intends to vest at his death, and afterwards provides for the disposition of the fee simple in the property "in case of the death of a prior devisee without issue or without surviving issue," the words will refer to dying without leaving issue during the lifetime of the testator; and if the devisee shall survive the testator he will take an absolute fee simple to the property devised to him, which will not be defeasible on his subsequent death without issue, and the limitation over will be disregarded. 1 Underhill on Wills, sec. 347; Page on Wills, sec. 676; Jones' American Notes to *Skey* v. *Barnes,* 25 Eng. Ruling Cas. 603; *Fishback* v. *Joesting,* 183 Ill. 463; *Arnold* v. *Alden,* 173 id. 229.

J. M. HAMILL, and M. W. BORDERS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of St. Clair county sustained demurrers of appellees to the amended bill of appellants filed to quiet title to certain property in said county and to remove alleged clouds therefrom, and appellants having elected to stand by their bill, it was dismissed without prejudice at their cost. They have brought the case to this court by appeal, and assign as errors the sustaining of the demurrers and dismissing of the bill.

The material facts alleged in the bill and admitted by the demurrers are as follows: The complainants, James A. Bradsby and Priscilla Bradsby, are husband and wife, and James A. Bradsby is the son of James W. Bradsby, deceased, who died May 4, 1866, leaving a last will and testament, executed November 6, 1865, which was admitted to probate in the county court on May 8, 1866. The

will made the following disposition of the testator's property: By the first paragraph he ordered his funeral expenses and just debts paid. The second paragraph is the portion of the will involved in this suit, and it is as follows: "After the payment of my funeral expenses and just debts I give, devise and bequeath unto my son James A. Bradsby my following described real estate, to-wit (describing the property;) also all wagons and farming implements; also the undivided half of all the beds and bedding and household and kitchen furniture, and one undivided third part of all my horses and cattle, and all of the hogs, and $1000 in cash or government bonds at my death. But should the said James A. Bradsby die leaving no heirs, then the said devised property above described to descend to William B. Bradsby, Mary Wallace and Paulina North; all of the foregoing land situate in the county of St. Clair, in the State of Illinois." The third paragraph gave to the testator's son William B. Bradsby certain lands therein described. By the fourth paragraph the testator devised and bequeathed to his daughter Mary Wallace the lands therein described, "also one gray mare five years old past, and one cow, taking her choice out of the lot of cattle; also one-half of the beds and bedding and household and kitchen furniture." By the fifth paragraph he gave to his daughter Paulina North the lands therein described and $300 in cash. By the sixth paragraph he devised to his grandchildren, Pauline, Clara and Hetty Bitzer, certain real estate when they arrived at the age of eighteen years. By the seventh paragraph he devised to his son-in-law, Daniel Bitzer, father of said children, during his natural life, eight acres of the land devised to the grandchildren, upon which there was a brick house, and the remainder of the lands devised to the grandchildren until they should become eighteen years of age, on condition that the devisee should raise, support and school his said children, Pauline, Clara and Hetty, until they became eighteen years

of age, the eight acres in which Daniel Bitzer had a life estate to descend to his three daughters above named at his death, and the paragraph ended with this provision: "But should either of his daughters die leaving no heirs or children, the deceased sister or sisters' share to descend to the living sister or sisters." The eighth paragraph made this devise: "I give, devise and bequeath unto James A. Bradsby, William B. Bradsby, Mary Wallace and Paulina North, in equal shares, all of my town property, the same being town lots and houses in the town of Lebanon, in the county of St. Clair and State of Illinois, for which I hold deeds from John L. Sargent and Abbie W. Sargent, his wife, and Charles A. Sargent and Arlitta Sargent, his wife, be the same ten lot in number, more or less, provided not sold or otherwise disposed of before my death." After the will was probated the complainant James A. Bradsby entered into possession of the lands devised to him by the second paragraph, claiming that he was seized of said lands by a good and indefeasible estate in fee simple absolute, and he remains in possession under such claim. The household goods, kitchen furniture, wagons and farming utensils given to him by the second paragraph of the will were turned over by the executor and the $1000 in cash was paid to him. The horses, cattle and hogs, of which one-third was bequeathed to him, were sold by the executor and one-third of the proceeds were paid to him. The complainants have no children and have reached ages when there is no possibility of any children being born to them. William B. Bradsby, Mary Wallace and Paulina North are all deceased, but in their lifetime they claimed that complainant James A. Bradsby's title was a life estate or a determinable fee, and that upon his death without children the fee would devolve upon them, and their heirs make the same claims. The complainants desire to sell and convey the lands devised by said second paragraph and have an opportunity to sell the complete title, but are

hindered and prevented from doing so by the claims of the heirs of William B. Bradsby, Mary Wallace and Paulina North. The bill asks the court to settle and quiet the title in the complainant James A. Bradsby and to decree the estate devised by the will to be absolute in him. The adult defendants in their demurrer stated as ground thereof that the matters and things alleged in the amended bill did not show an absolute fee simple title in the complainant James A. Bradsby, and a like reason was alleged as a ground of the demurrer by the guardian *ad litem*.

The question raised is whether the provision of the second paragraph, that if James A. Bradsby should die leaving no heirs the property therein devised should descend to William B. Bradsby, Mary Wallace and Paulina North, was designed by the testator to prevent a lapse of the devise in case of the death of the devisee, James A. Bradsby, in the lifetime of the testator, and was intended as a provision for the substitution of William B. Bradsby, Mary Wallace and Paulina North upon the happening of such event, or whether it was operative as an executory devise to the testator's other children if James A. Bradsby should die leaving no children. It is clear that the testator by the use of the word "heirs" meant "children." As no one can die without leaving heirs, in the legal sense, the word must have been used in its general and popular sense, and the will is to be so construed. (*Bland* v. *Bland*, 103 Ill. 11; *Griswold* v. *Hicks*, 132 id. 494.) If the meaning of the testator was, that upon the death of James A. Bradsby at any time, leaving no children, the fee should devolve upon the other parties, then his estate in the lands is a base or determinable fee. The devise was not of a life estate, but of the fee, which might last forever, but which would determine upon the death of James A. Bradsby leaving no children, if such was the intention of the testator. Whether that was his intention is to be determined from all the language employed by him in the will.

The disposition of the courts, founded on public policy, is to favor such a construction as will give the absolute fee to the first taker, so as not to tie up property and prevent its alienation. (*McFarland* v. *McFarland,* 177 Ill. 208; *Davis* v. *Ripley,* 194 id. 399.) The paramount rule, however, is to ascertain the intention of the testator, and to give it effect if not prohibited by the law. The purpose of construction is to give a will the interpretation and meaning which the testator intended it should have, and whenever his intention can be ascertained it should be carried out. By the second paragraph of the will in this case the testator gave, devised and bequeathed unto his son James A. Bradsby certain real estate, described by metes and bounds, and also personal property, and created a limitation as to the devised property described in the paragraph. In a legal sense this language could only apply to the real estate, which was the property devised and described by metes and bounds in the paragraph. The testator expressed no intent to create a life estate in the perishable personal property, nor to give title to it with a limitation over, nor to substitute others in case James A. Bradsby should die in the lifetime of the testator. By the law the devisee would be entitled to the real estate at the death of the testator, and as to the personal property and cash the testator provided that James A. Bradsby should be entitled to it at his death, indicating that he did not have in mind the death of his son during his own lifetime. Generally, a testator does not assume that one for whom he is making provision will not survive him, and intends, in the case of death of such person prior to his own, to provide for the new state of affairs by a new will or codicil. (*Ridgway* v. *Underwood,* 67 Ill. 419.) At any rate, it seems that if the testator had in mind the death of James A. Bradsby in his lifetime without children, and the substitution of others, he would have provided that the personal property, as well as that devised, should be otherwise

disposed of or given to the other children who were substituted. A still more forcible reason of the same nature, but relating to a devise of real estate, is found in the eighth paragraph, by which the testator gave to said James A. Bradsby, William B. Bradsby, Mary Wallace and Paulina North, in equal shares, all of his town property, consisting of town lots or houses, not sold or otherwise disposed of before his death; and this devise was absolute, with neither limitation over nor substitution. It is clear that in making this devise the testator never contemplated the contingency that he would survive his son James A. Bradsby, and if he had intended by the second paragraph merely to substitute other devisees, in case of the death of James A. Bradsby in his own lifetime, he would probably have made the same provision in devising his other property. The reason for such a substitution would apparently apply as much in one case as in the other. By the eighth paragraph he manifested his intention to give to James A. Bradsby, absolutely, an undivided interest in the town property, and that devise would lapse in case of the death of the devisee without children in the lifetime of the testator, and yet he made no provision against such lapse, which tends strongly to show that the limitation in the second paragraph was not designed for that purpose.

It is urged that the testator manifested his intention to substitute his other children in case of the death of James A. Bradsby in his lifetime, by the use of the word "descend," because property could not descend from a devisee to his brother and sisters, and the word could only apply to passing the estate from the testator to his other son and daughters. We do not regard that word as denoting the intention insisted upon. If the limitation over takes effect as an executory devise, the estate passes from the testator, by virtue of the will, first to James A. Bradsby, and in the event of his death leaving no children, then to the other son and daughters. It will also be

noticed that the testator used the same word "descend" in the last clause of the seventh paragraph, providing that if either of the grand-daughters should die leaving no children, the deceased sister or sisters' share should descend to the living sister or sisters. He had given this property to the three grandchildren when they arrived at the age of eighteen years, and that was clearly not intended as a provision for substitution in the case of the death of one of the grandchildren in the lifetime of the testator. We think that this will comes under the rule that "when the death of the first taker is coupled with circumstances which may or may not take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and general meaning of the words, upon death under the circumstances indicated, at any time, whether before or after the death of the testator." *Summers* v. *Smith*, 127 Ill. 645; *Smith* v. *Kimbell*, 153 id. 368.

This will is not at all like the one construed is *Fishback* v. *Joesting*, 183 Ill. 463. In that case the testator gave his property to his beloved wife and child or children, or their heirs, limited by his own words to those "who may be living at the time of my decease," and provided that if he and his wife and child or children should all die, and the child or children should leave no heirs, the property should be otherwise disposed of as therein provided. The devise was only to the wife and child or children, or their heirs, who should be living at the death of the testator, with a provision for substitution if there should be no person answering that description.

Counsel for the appellants rely upon the decision in *Arnold* v. *Alden*, 173 Ill. 229, but we do not see that it conflicts with the construction we have given to this will. In that case the residue of the testator's estate was given in trust to his executors, for the use of the testator's brothers and sisters for a term of twenty-one years,

and at the expiration of the trust the property was to be given to said brothers and sisters, their heirs and assigns forever, to be equally divided between them, the child or children of any deceased brother or sister to take the same share the father or mother would have taken if living, and in case of the death of any brother or sister leaving no issue, the share such brother or sister would have taken if living was to be equally divided among the surviving brothers and sisters. The brothers and sisters had an equitable estate in the property from the testator's death during the continuance of the trust, and at the expiration of the trust were to be entitled to the property itself, and it was held that the survivorship referred to the death of the testator, and not to the termination of the trust.

We are of the opinion that the circuit court interpreted and construed the will of James W. Bradsby in accordance with his intention, and that the will gave to James A. Bradsby a fee which would terminate if he should die without leaving children, in which event the fee simple title would vest in William B. Bradsby, Mary Wallace and Paulina North and their heirs.

The decree is affirmed.

*Decree affirmed.*