CHARLES B. BRYANT et al., in Equity *vs.* LOUISA S. PLUMMER et als.

## Cumberland.   Opinion April 16, 1914.

*Class Bequest.   Construction.   Contingency.   Equity.   Joint Tenancy.*
*Legacy.   Residue.   Trust.   Will.*

Bill in equity for the construction of a certain portion of the last will and testament of Hiram T. Plummer.

1.   It is an elementary, fundamental and prevailing rule, which must govern in the construction of a will, that the entire document should be carefully examined, parts compared with other parts, provisions considered with reference to other provisions, and from the whole instrument, from all that it disclosed, relative to the nature and extent of the estate of testator, the size of his bounties, the relationship, needs, conditions and environments of his beneficiaries as well as from the precise language used to ascertain the intention of the testator.

2.   When there is a gift of a legacy, or a share of a residue to be paid, at or when the legatee shall attain twenty-one years, or any specified age, or at the death of a particular person, or when the legatee shall have served out his apprenticeship, the gift vests in the legatee at the death of testator, the time only applies to the payment.

3.   When the gift of a legacy is absolute, and the time of payment only is postponed, the time not being of the substance of the gift is held to postpone the payment, but not the vesting of the legacy.

4.   The legacy must be regarded as vested when there is no provision for the lapsing of the legacy and no disposition of any remainder, if there should be any, after the death of the legatee.

5.   It is among the elementary rules of construction that no remainder will be construed to be contingent which may consistently with the intention of the testator be deemed vested.

6.   The general rule is that a devise or bequest to children gives a vested interest, unless the contrary intention is shown by the will.

7.   It is also a well settled rule that in the case of a bequest of income to several persons by name, to be divided among them equally, the legatees take as tenants in common and not as joint tenants, and, in the case of the death of a legatee before the termination of the trust, the income must be paid to the legal representatives of the estate of the deceased legatee.

On report.   Decree in accordance with this opinion.

This is a bill in equity by trustees, under the will of Hiram T. Plummer, late of Portland, deceased, asking for the construction of a portion of the residuary bequest in said will. All of the parties defendant filed answers, admitting all of the allegations in the bill. At the close of the hearing in the cause, the same, by agreement of parties, was reported to the Law Court next to be held at Portland, 1913. The bill and answers, with the order of the court thereon, to make the report of said cause.

The case is stated in the opinion.

*Symonds, Snow, Cook & Hutchinson,* for complainants and M. Alice Plummer and Frank W. Robinson, admr.

*Forrest Goodwin, White & Carter, and Fred F. Lawrence,* for Edna Mabel Waterman, Louisa E. Plummer, Carrie D. Drew and Edna Mabel Waterman, admx.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J. Bill in equity for the construction of a certain portion of the last will and testament of Hiram T. Plummer. The single question which the parties submit to the court relates to the construction of the twenty-seventh paragraph of the will which is as follows:

"27th. All the rest, residue and remainder of my estate, of whatsoever name or nature and wheresoever situated, of which I may die seized or possessed, or to which at the time of my decease I may be in any way entitled, including all and any of the foregoing legacies, devises and trust provisions, which may in whole or part lapse or for any reason fail, I dispose of as follows:

"I give, bequeath and devise one-third of the whole of said residue and remainder of my said estate to my beloved wife, Louisa S. Plummer; to have and to hold the same to her, her heirs and assigns, forever.

"I give, bequeath and devise one-third of the whole of said residue and remainder of my said estate to my beloved children, Edna Mabel Davis and John M. Plummer, share and share alike, to have and to hold the same to them, their heirs and assigns, forever.

"I give, bequeath and devise the remaining one-third of the whole of said residue and remainder of my said estate to my trustees hereinafter named, upon trust to manage and invest said trust property according to their best judgment and discretion for the period of ten years from my death, with full power and authority either to permit said trust property to continue in the state in which it shall be found at my death, or to convert it, or from time to time parts of it, into money, and to invest and re-invest said proceeds, together with the income, accumulations and gain therefrom resulting, as said trustee may think expedient, but in trust, nevertheless, as herein provided. At the expiration of said period of ten years from my death, said trustees shall convey, transfer and pay over said trust property with the net income and accumulation thereof, free of trust, to my beloved children, Edna Mabel Davis and John M. Plummer, share and share alike; to have and to hold the same to them, their heirs and assigns, forever."

The testator died December 26, 1902. His son, John M. Plummer, died July 26, 1904, which date was before the expiration of the ten year period subsequent to the death of the testator, as will be readily seen. The daughter, Edna Mabel Davis, mentioned in the will, still survives as Edna Mabel Waterman, and is one of the defendants. The real contention is over the meaning of the last clause of the above quoted paragraph. John M. Plummer left no children but left a widow, M. Alice Plummer. The administrator of his estate, together with his widow, contends that the interest of the two children, Edna Mabel Davis and John M. Plummer, in the final third of the residue, vested in them upon the death of the testator and that the half thereof, which would have belonged to John M. Plummer, had he survived the period of ten years, now makes part of his estate. The daughter of the testator, Edna Mabel Davis (Waterman), states her contentions as follows:

I. The equitable interests which testator created for his two children in this final third of the residue were contingent upon their surviving the period fixed by him, or if vested were subject to being divested by death.

II. The bequest to the two children being in the nature of a joint tenancy or a "class" bequest, the entire equitable interest vests in Edna Mabel Davis (Waterman) as the survivor.

III.   If the court should be of opinion that the bequest was contingent, but that there is no survivorship in the daughter, and a trust results to testator's heirs, then those heirs should be determined as of the date of the expiration of the ten year period, and not of testator's death.

It is an elementary, fundamental and prevailing rule, which must govern in the construction of a will, that the entire document should be carefully examined, parts compared with other parts, provisions considered with reference to other provisions, and, from the whole instrument, from all that it discloses, relative to the nature and extent of the estate of the testator, the size of his bounties, the relationship, needs, conditions and environment of his beneficiaries, as well as from the precise language used in the parts over which doubts have arisen, ascertain if possible the intention of the testator when he used that language.   This rule is of such long standing and wide adoption that citation of authorities would seem unnecessary.

By this standard we have attempted to weigh and measure the particular clause of this will which is before us.   In the first twenty-three paragraphs of the will the testator makes bequests to brothers, sisters, nieces, nephews and to other persons related to him by marriage as well as by blood, including bequests also to persons apparently not related except by the ties of friendship, and, with the exception of bequests to two nephews, in every instance there is provided a contingency that the legatees survive the testator.   He then provides a trust fund for the benefit of the daughter of his brother, Charles M. Plummer, and carefully states the conditions under which this fund might revert and become a part of the residue of his estate.   He next provides a trust fund for the benefit of Miss Ellen A. H. Mitchell, not declared to be a relative, and with equal care states the conditions under which this fund shall become a part of the residue of his estate.   It should here be observed that in a codicil, made nearly a year later than the will, the same care is observed relative to the bequests and to a new trust fund for Susie Barrett Jones.   Returning to the will itself we observe that the testator then proceeds to consider bequests in favor of his immediate family which consists of a wife, one daughter and one son.   After specific bequests to his wife of the homestead, and the personal estate which would tend to the enjoyment of that homestead, as

would be natural and proper, he divides all the rest, residue and remainder into three equal parts. One of those parts he gives unqualifiedly to his wife. Instead of giving one of each of the other thirds to his daughter and the other to the son, for their free, full and immediate enjoyment, he takes one of those thirds, divides it into equal parts, and gives one of these parts to the daughter, the other to the son, "share and share alike, to have and to hold the same to them, their heirs and assigns forever." Thus far he has dealt out even handed justice to each of his children and to the heirs of those children. The disposition of the remaining third of the residue has occasioned these proceedings. If the contention of the defendant daughter should prevail it must be because the testator at this point has abandoned his intent to deal equally with his two children and their heirs. What cause can the daughter assign for this strange inconsistency on the part of her father? We have not been shown any cause which to our minds seems decisive and controlling, and we therefore declare the intention of the father to have been to do absolute equality towards his two children and their heirs in the disposition of the last third of the residue of his estate.

Does the language of the will, construed according to legal principles, and in the light of all the circumstances, permit that intention of absolute equality to be carried out or must that intention be thwarted? "When a legatee dies before the time of payment, the legacy, if vested, goes to his representative, but will fail if contingent." 40 Cyc., 1683, and cases there cited. Thus the issue is squarely presented, namely, did the legacy to John M. Plummer, and to his "heirs and assigns," vest at the death of the testator, and before the death of John, or otherwise. The following principles of law are familiar and well established in the courts of this State.

"When there is a gift of a legacy, or a share of a residue to be paid at or when legatees shall attain twenty-one years, or any specified age; or at the death of a particular person; or when legatee shall have served out his apprenticeship, the gift vests in the legatee at the death of testator, the time only applies to the payment," 6 Bac. Abr., 263; Tit. Legacy, E. This language was adopted by our court nearly fifty years ago in *Kimball* v. *Crocker,* 53 Maine, 263, and has never been abandoned. In the same case we find, upon authority of the English courts, *Duffield* v. *Duffield,* 1 Dow & Clark,

311 : "It has long been an established rule for the guidance of the Courts of Westminster, in construing devises, that all estates are to be holden to be vested, except estates in the devise of which a condition precedent to the vesting is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will. If there be the least doubt, advantage is taken of the circumstances occasioning the doubt; and what seems to make a condition is holden to have only the effect of postponing the right of possession." This rule also has been oft-quoted by our courts. It still obtains. It links a venerable past in judicial history with an active present. Its salutary results bespeak the cause of its long existence.

When the gift of a legacy is absolute, and the time of payment only is postponed, the time not being of the substance of the gift is held to postpone the payment but not the vesting of the legacy. *Patterson* v. *Ellis,* 11 Wend., 259; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Brown* v. *Brown,* 44 N. H., 281; *Kimball* v. *Crocker,* supra.

The legacy must be regarded as vested when there is no provision for the lapsing of the legacy and no disposition of any remainder, if there should be any, after the death of the legatee. *Prescott* v. *Morse,* 62 Maine, 447.

"It is among the elementary rules of construction that no remainder will be construed to be contingent which may consistently with the intention of the testator be deemed vested." *Danforth* v. *Reed,* 109 Maine, 93.

"The general rule is that a devise or bequest to children give a vested interest unless the contrary intention is shown by the will, . . . It is also a well settled rule that in the case of the bequest of *income* to several persons by name, to be divided among them equally, the legatees take as tenants in common and not as joint tenants and in the case of the death of a legatee before the termination of the trust, the *income* must be paid to the legal representative of the estate of the deceased legatee." *Morse* v. *Ballou,* 109 Maine, 264. If this rule be true as to bequest of *income* why should it not apply to the fund which yields that income?

"The broad distinction between vested and contingent remainders is this: In the first there is some person in esse known and ascertained, who, by the will or deed creating the estate, is to take and

enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder no contingency can defeat. In the second, it depends upon the happening of a contingent event whether the estate limited as a remainder shall ever take effect at all. The event may either never happen, or it may not happen until after the particular estate upon which it depended shall have determined, so that the estate in remainder will never take effect." *Woodman* v. *Woodman,* 89 Maine, 128.

The defendants claim that there are no words of present gift, but, although there were no such words in *Moulton* v. *Chapman,* 108 Maine, 417, it was *held* that where the gift is to legatees by name the court would hestitate to apply the rule that a legacy is contingent when there are no words importing a gift other than a direction to divide or pay at a future time.

Let us now apply these rules to the case at bar. The legacy under consideration was to take effect at a certain time which time applied "only to the payment;" there was no condition precedent to the vesting, so clearly expressed that the court cannot treat the legacy as vested "without deciding in direct opposition to the terms of the will;" *Kimball* v. *Crocker,* supra; there is "no provision for the lapsing of the legacy and no disposition of any remainder, if there should be any, after the death of the legatee;" *Prescott* v. *Morse,* supra; the legacy may be deemed vested "consistently with the intention of the testator;" *Danforth* v. *Reed,* supra; the gift being to a child (John) calls for the general rule that there is "a vested interest unless the contrary intention is shown by the will;" *Morse* v. *Ballou,* supra; the passage of time, ten years, cannot be said to be in this case an event which "may either never happen, or it may not happen until after the particular estate upon which it depended shall have determined, so that the estate in remainder will never take effect;" *Woodman* v. *Woodman,* supra.

The defendant relies with much confidence upon *Giddings* v. *Gillingham,* 108 Maine, 512, and *Andrews* v. *Lincoln,* 95 Maine, 541. In the former the court declared that the reasons which led that tribunal to find the several bequests in the will then under consideration to be contingent rather than vested, were based upon the general scope and purpose of the will, as well as upon the particular language of the will, thus adhering to the broader and safer rule

that the intention of the testator must govern when that intention is ascertainable. There it was said, "that the clear purpose of the testator was to have his estate converted into a single trust fund and that it should continue a unit during the life of his wife." These and other reasons were sufficient in that case to warrant the court to declare the contingency of certain bequests but those reasons are not applicable to the case at bar. Indeed, the "general scope and purpose" of the will in the present case seem to plainly point to a vested legacy for the son John. In *Andrews* v. *Lincoln,* also relied upon by defendant, the rule of perpetuity was an essential element in the decision of the court, and in that case also there were certain contingencies of life and survivorships which do not exist in the case at bar and clearly differentiate the two.

The defendant also suggests, but does not strongly urge, that if the legacy to John were vested it was divested by his death. A will may be so expressed that an estate once vested may be divested on the happening of a contingency or on non-performance by the devisee of some condition imposed, 40 Cyc., 1681, and cases there cited. There seems to be no expression in the will in this case requiring discussion of this principle, nor do the other positions taken by the defendant seem to need discussion in view of the conclusions which we have reached. The elaborate, learned and painstaking brief of the defendant has brought to our attention some decisions of other jurisdictions which it is claimed are not in harmony with the position which we take, but so far as we have been able to examine those decisions they all concede the overwhelming force of the rule that the intention of the testator must govern when that intention can be ascertained from a study of the entire will unless that intention is so expressed as to be thwarted by established rules of construction.

Our conclusion is that the legacy to John M. Plummer, contained in the last clause of the twenty-seventh paragraph of the will of Hiram T. Plummer, vested in John at the death of the testator and that the half of the final third of the residuum of the testator passes to the estate of John M. Plummer.

*Decree in accordance with this opinion.*