[No. 13868. Department One. May 2, 1917.]

*In the Matter of the Estate of* C. W. SLOCUM.

W. B. DuBOIS, *Administrator, Respondent,* v. ALICE
DAUGHERTY, *Administratrix, Appellant.*[1]

WILLS—CONSTRUCTION—MAINTENANCE OF WIFE. Where one-third
of the testator's property was his separate estate and he gave his
wife a life estate in all the property, to use as she saw fit, a pro-
vision that, after her death, "one-third of the property still remain-
ing descend as she may desire and my two-thirds then remaining
descend to my legal heirs," requires that the sums used by the wife
for maintenance be deducted from the whole estate, separate and
community, as one entity, and not from the husband's share passing
under the will to the exclusion of the wife's share of the community
property.

Appeal from a judgment of the superior court for Clarke
county, Back, J., entered July 10, 1916, in favor of the
plaintiff, in an action to construe a will, tried to the court.
Affirmed.

*McMaster, Hall & Drowley,* for appellant.

*Miller & Wilkinson,* for respondent.

CHADWICK, J.—C. W. Slocum, now deceased, left a will in
which he provided, among other things, as follows:

"One-third of my property is my own separate property
owned by me before marriage, and the natural increase there-
of; two-thirds of all my property is community property ac-
quired by myself and wife.

"I give, bequeath and devise all of my property, both real
and personal, of every kind, nature and description whatso-
ever, of which I may die seized and possessed, unto my wife,
Laura Slocum, during her natural life, to be used by her for
her own comfort and maintenance as she may see fit. That
upon her death it is my desire and wish that her one-third of
the property still remaining descend as she may desire and

[1]Reported in 164 Pac. 759.

my two-thirds then remaining descend to my legal heirs then living, share and share alike."

The will was, in form, a nonintervention will. Upon the death of the testator, Laura Slocum, the surviving wife, took possession of the whole of the estate as executrix. Pending final settlement, Laura Slocum died. Respondent was appointed administrator *cum testamento annexo* of the estate of C. W. Slocum, and appellant was appointed administratrix *cum testamento annexo* of the estate of Laura Slocum deceased.

Between the death of C. W. Slocum and the death of Laura Slocum, she had used, for her own maintenance and comfort, a large sum of money. It is the contention of the respondent that this sum—the parties do not agree upon the exact amount—should be deducted from the whole estate, including the share of Mrs. Slocum, while appellant maintains that it should be deducted from the property passing under Mr. Slocum's will to the exclusion of Mrs. Slocum's share.

After a hearing, the court held that the expenditures made by Mrs. Slocum for her maintenance and comfort should be charged to the whole estate, and this appeal followed.

We incline to the holding of the trial judge. We must admit that an attractive theory may be advanced by either side, but the first landmark in the construction of wills is to ascertain the intention of the testator. Under the laws of this state, the testator might have disposed of his entire property to the exclusion of his spouse. Instead of doing so, he treated his whole property, separate and community, as one entity, subject to a charge for the support, maintenance and comfort of his wife during her lifetime. After her death, the remainder, if any, of his separate and community property, should go to his legal heirs then living.

If the testament ended with the words:

"I give, bequeath, and devise all of my property, both real and personal, of every kind, nature and description whatsoever, of which I may die seized and possessed, unto my wife

Laura Slocum, during her natural life, to be used by her for her own comfort and maintenance as she may see fit,"

appellant's position could hardly be doubted.

In gathering the intention of a testator, we are put to the added burden of considering each phrase, and in its setting with other phrases. Immediately following the clause quoted, we find the intention of the testator clearly manifested:

"That upon her death it is my desire and wish that her one-third of the property still remaining descend as she may desire and my two-thirds then remaining descend to my legal heirs then living, share and share alike."

The subsequent expression is not vague or general, nor is it repugnant to the first phrase. The gift is complete. All property passes. The doubt, if any, as to whether the charge for the comfort and maintenance of the survivor is to be made against the husband's share alone or the entire estate, is not answered by reference to the first testamentary clause. Resort to the clause following discloses the thought that the remainder of the estate, after the death of the wife, would be that part of the whole estate remaining after deducting all sums used by her for her own comfort and maintenance.

Affirmed.

Ellis, C. J., Morris, Main, and Webster, JJ., concur.