[No. 20806.  Department One.  November 10, 1927.]

EMILY LOUISE COTTON, *as Guardian, Respondent,* v.
BANK OF CALIFORNIA, *Appellant.*[1]

[1] WILLS (66) — CONSTRUCTION — EVIDENCE — SHOWING EXTRINSIC
FACTS AND CIRCUMSTANCES.  In an action for the construction of
a will, parol evidence is admissible to permit the court to under-
stand, as nearly as possible, the position of the testatrix at the
time she made the will.

[2] SAME (59)—CONSTRUCTION — INTENTION — ASCERTAINMENT FROM
WORDS OF WILL.  The intention of the testator is the predomi-
nant factor, to be determined by all the parts of the instrument,
including the circumstances under which it was made.

[3] SAME (59, 72) — CONSTRUCTION — INTENTION — ASCERTAINMENT
FROM WORDS OF WILL—TESTAMENTARY TRUSTS.  Under the rule
that the intention of the testator as to a portion of the income
not disposed of may be gathered by fair implication from the
whole instrument, a will will be construed to require the net
income to be expended for the benefit of a minor heir, who was
made the sole residuary legatee, where other portions of the
income were bequeathed for life to her aunt and father, with
other specific bequests for the support during minority of any
child of such residuary legatee in case of her death, the will
making no provision for the support of such residuary legatee
during her minority, except by way of the provision for her
father, who died, the will failing to provide that the provision
for the father should fall back into the principal of the estate,
as was done in the case of the provision for the aunt.

[4] SAME (77-1)—ACTIONS TO CONSTRUE WILL—NECESSARY PARTIES.
An action by the sole residuary legatee, for the construction of
a trust clause in a will, brought against the trustee, is binding
on all necessary parties, where all possible beneficiaries under
the trust are represented by the living members of their class
and the trustees.

Appeal from a judgment of the superior court for
King county, Jones, J., entered July 7, 1927, upon find-
ings in favor of the plaintiff in an action for the con-
struction of a will, tried to the court.  Affirmed.

[1]Reported in 261 Pac. 104.

*Kerr, McCord & Ivey,* for appellant.

*Othilia G. C. Beals* and *G. E. Steiner,* for respondent.

FRENCH, J.—This is an appeal from a decree rendered in an equitable action brought to construe the will of Rebecca Cecelia Cotton, grand-mother of the minor respondent, and giving certain directions and instructions to the appellant as trustee under the will.

That portion of the will in question pertinent to this issue consists of items III and IV of the said will, which are as follows:

### "Item III

"I direct that my executor pay the sum of seventy-five dollars a month to my sister Kate Robertson, of Detroit, Michigan, and of the City of Washington, if living, out of the net proceeds of the income of my estate.

### "Item IV

"I give, bequest and devise (after the payment of the expense of my last sickness, funeral expenses, expenses of administration, as above provided and the sum specified to my sister), all the residue and remainder of my estate wheresoever situated, and of every kind and character of which I die possessed, or in which I have any interest at the time of my death, to the Bank of California, National Association, Seattle Branch, in trust nevertheless for the following purposes:

"1. I direct that said Trustee pay the sum of seventy-five dollars monthly out of the net income from my estate to my sister, Kate Robertson, of Detroit, Michigan, and of Washington, District of Columbia, as long as she lives; and immediately after her death the seventy-five dollars a month theretofore paid to her shall be made a part of the principal of my estate and the same may be invested by it in some safe income securities.

"2. I direct that my said Trustee pay the remaining portion of the net income from my estate to my son, Charles Stanhope Cotton, as long as he lives.

"3. I hereby expressly provide that no part of my

estate or of the income thereof, shall at any time be paid to my brother, Forbes Robertson.

"4. I direct that immediately after the death of my son, Charles Stanhope Cotton, if he survives my said sister, but if she survives him, then immediately after her death, my Trustees shall make an accounting of its trust and pay all the then residue and remainder of my estate to my grand-daughter, Emily Robertson Cotton, if living, but if not living and leaving issue surviving then my trustee shall pay to the guardian of such issue, all the net income from my estate less the sum of seventy-five dollars a month thereof, for their bringing up and education, if more than one child, but if only one child then for his or her bringing up and education as the case may be, until the youngest of such children, if more than one, and if only one, then until such child shall have attained the age of 25 years, at which time my said trustee shall render its accounting and pay all the then residue and remainder of my estate to such child or children, as the case may be, in equal shares, if more than one."

The remainder of the will proper is not important here. There was, however, a codicil later attached to the will, reading (omitting formal parts) as follows:

"I

"I hereby change Item III of my said will to read as follows: 'I direct that my executor pay the sum of $50.00 a month to my sister Kate Robertson, of Detroit, Michigan, and of the City of Washington, D. C., if living, out of the net proceeds of the income from my estate.'

"II

"I hereby further change said will as to Item IV to read as follows:

" 'I direct that said Trustee pay the sum of $50.00 monthly out of the net income from my estate to my sister, Kate Robertson, of Detroit, Michigan, and of Washington, D. C., as long as she live; and immediately after her death the said $50.00 a month theretofore paid to her shall be made a part of the principal of my estate, the same to be invested by it in some safe income security.

" 'And wherever elsewhere in my said will the sum of $75.00 is mentioned, it refers to the payments to be made to my sister, and the same is hereby changed to $50.00.' "

[1] Appellants insist that the court erred in permitting parol evidence as to the testatrix's intention with respect to the disposition of the income from her property. Conceding that this assignment of error is well taken, yet we think that certain of the parol evidence was properly admitted to sufficiently permit the court to understand as nearly as possible the position of the testatrix at the time she made her will. *Davis v. Brown,* 112 Wash. 121, 191 Pac. 1098. At that time, Mrs. Cotton was eighty-one years of age, in failing health. She had recently been a patient at a sanitarium in California, and believed that she did not have long to live. She was possessed of a modest fortune; her immediate family consisted of a brother who was not in need; a sister to whom she left a monthly allowance, and an only son not financially a successful man, and a grand-daughter, Emily, the daughter of her only son, then twelve years of age. This son, Charles Stanhope Cotton, died on the 11th day of October, 1926, leaving no estate, but leaving a widow and the daughter Emily. It appears inferentially that the sister, Kate Robertson, is still alive, although there is no positive finding on this question.

[2] In determining the intention of the testatrix the entire will must be examined and all parts thereof must be harmonized as nearly as possible. Many text-book writers as well as court decisions from practically every state, use the expression "The meaning must be gathered from the four corners of the instrument." *Bryant v. Plummer,* 111 Maine 511, 90 Atl. 171; *Behrens v. Baumann,* 66 W. Va. 56, 66 S. E. 5; *Bland v. Bland,* 103 Ill. 11; *Loomer v. Loomer,* 76 Conn. 522, 57 Atl. 167.

"In construing a will, the predominant idea in the testator's mind, if apparent, is heeded, as against all doubtful and conflicting provisions which might of themselves defeat it." Schouler on Wills (6th ed.), § 858.

As has been said by our own court,

"The first landmark in the construction of wills is to ascertain the intention of the testator." *In re Slocum's Estate,* 96 Wash. 110, 164 Pac. 759.

Mr. Jarman's tenth rule of construction is:

"But the court will look at the circumstances under which the devisor makes his will as to the state of his property, of his family, and the like." Jarman on Wills (4th ed.), Vol. 2, p. 841.

[3] It is also well settled by the authorities that, in the absence of express disposition of a portion of the property, if the intention of the testator can be gathered by fair implication by an examination of the entire instrument, then the wishes of the testator should govern.

In the present case we have the entire estate going to the grand-daughter, subject only to a small monthly payment from the income to the sister of the testatrix, and the remainder of the income payable to the testator's son, father of the principal legatee, the only natural heir now living, a minor, and on both grounds favored by the law. There is also no express provision made for the disposition of that portion of the income which had been paid to the father up to the time of his death, for the care and maintenance of himself and family in the event of the father's death. It is inconceivable that this aged woman could have intended by the terms of this somewhat complicated instrument to give a considerable fortune to her beloved grand-daughter and yet, during her minority, during the formative period of her childhood have her suffering

from penury and want. Ample provision has been made for the support of the yet unborn minor children of this dependent grand-child, and can it be said that, by a fair construction of the entire instrument, she intended to do less for the living potential mother, whom she has, by the express terms of the instrument, made the heir of all the principal of her estate, than for the possible unborn children of this same mother?

We think the only fair construction of the will, taken in its entirety, remembering the rules above set out, requires that the net income of the estate be expended for the benefit of this minor heir. Through the payments made to her father, provision had been made for her maintenance and support. No provision was made for the disposition of this portion of the income to accumulate and become a part of the estate, as in the case of the payments made to the sister. On the other hand, we think it is apparent that this aged woman was attempting, in every possible way, to protect the future of her only grand-child, and her now only living heir.

[4] We hold that all necessary parties have been joined in this suit, and that possible beneficiaries are represented by the living members of their class and the executors and trustees, their legal representatives, and that this decree is binding on all parties mentioned in paragraph 4 of Item IV of the will. *Buchan v. German American Land Co.,* 180 Iowa 911, 164 N. W. 119, L. R. A., 1918-A 84; 40 Cyc. 852; *United States Trust Co. v. Soher,* 178 N. Y. 442, 70 N. E. 970.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.