BERTHA KALIES, Plaintiff in Error, *vs.* GUSTAV EWERT *et al.* Defendants in Error.

*Opinion filed February 25, 1911.*

1. WILLS—*word "heirs" may be given meaning of "children."* The word "heirs" is not always given its strict legal significance, and if it is used in such a way as to clearly indicate that it is intended to mean "children" it will be given such meaning.

2. SAME—*when word "heirs" will be given meaning of "children."* Where a testator devises all of his estate to a named sister, to be divided by her into four equal shares, one share to be retained by her and one share given to each of three other named sisters or their heirs, and "in case either of them shall be dead leaving no heirs, then their shares shall go to the sisters or their heirs who shall be living," it is clearly the testator's purpose to divide his estate among the four named sisters or their children, and not to include sisters not named or collateral heirs of the named sisters who may have died, and if three of the named sisters die childless, the surviving one takes the entire estate.

3. ALIENS—*an alien may take title to land in trust.* Under the Aliens act of 1897, (Laws of 1897, p. 5,) relating to the right of aliens to take title to real estate in Illinois and hold or convey the same, an alien may take the title to real estate in trust, for the purpose of carrying out a will directing her to divide the estate between herself and three other named persons in equal parts, particularly where, by reason of the death of the other persons, the trustee becomes sole beneficiary.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding.

ALBERT WATSON, and RUBENS, FISCHER & MOSSER, for plaintiff in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Bertha Kalies, plaintiff in error, filed a bill in the circuit court of Jefferson county for the purpose of obtaining a construction of the will of her deceased brother, Friedrich W. Ewert. To this bill an answer was filed by certain minor non-resident defendants, by their guardian *ad litem.* All

of the other defendants who reside in Germany were duly served by publication, and the two who reside in Jefferson county entered their appearance. Having failed to answer, a default was entered against them.

There is no question of fact involved in this proceeding. Friedrich W. Ewert, a farmer living in Jefferson county, Illinois, made and published a last will and testament, which is in the following words:

"I, Friedrich W. Ewert, of Woodlawn, in the county of Jefferson and State of Illinois, farmer, being of sound and disposing mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"And as to my worldly estate and all my property, real and personal or mixed, of which I shall die seized and possessed or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in the manner following, to-wit: My will is, that all my just debts and funeral expenses shall, by my executor hereinafter named, be paid out of my estate as soon after my death as shall be then found to be convenient. I give, devise and bequeath to my sister Bertha Kalies all of my estate, real, personal or mixed, of which I shall die seized and possessed or to which I shall be entitled at my decease, by her to be divided into four equal shares or parts, one of said shares to be retained by her, and the remaining three shares to be given, one share to each one of his three sisters, Maria, Theresa and Paulina, or their heirs. In case either of them shall be dead leaving no heirs, then their shares shall go to the sisters or their heirs who shall be living.

"And, I do nominate and appoint George B. Welborn, of Woodlawn, Illinois, to be the executor of this my last will and testament. This 10th day of January, 1908.

FRIEDRICH W. EWERT. (Seal.)"

The testator died two days after the execution of this will and the will was duly probated by the county court of said county. The personal estate of the testator was settled and the executor discharged. After paying the debts and cost of administration, the personal property, amounting to $600, was turned over to Bertha Kalies, plaintiff in error.

At the time of his death the testator owned two forty-acre tracts of land located in Jefferson county. Being in doubt as to the proper construction of the will, nothing has

been done with this real estate since the death of the testator except to lease it. Three of the four sisters named in the will of the testator died many years before the testator. Paulina Schiemann (*nee* Ewert) died in 1871. Maria Thieart (*nee* Ewert) died in 1888. Theresa Sommerfeld (*nee* Ewert) died in 1889. None of these deceased sisters left any children or descendants of child or children living at the time of her death. The fourth sister, Bertha Kalies, who is named in the will, resides in Germany, and is the only one of the four sisters named who survives the testator. At the time of his death the testator left surviving him Bertha Kalies and two other sisters not named in the will, one brother, three nephews and one niece. These persons were the heirs-at-law of the testator. The father and mother of the testator both died a number of years before his death.

The circuit court of Jefferson county entered a decree finding the facts as stated above, and held that upon the death of said Theresa Sommerfeld, in 1889, she being the last survivor of the three sisters of the testator named in his will, except plaintiff in error, the heirs-at-law of the said Theresa Sommerfeld became and were the beneficiaries under the residuary clause of said will, and as such would take three-fourths of the testator's estate, both real and personal, and that plaintiff in error, the only survivor of the four named sisters, was entitled to one-fourth. The court by this decree awarded three-fourths of the estate to the heirs of Theresa Sommerfeld generally, all of whom were her collateral kindred. Under the decree of the court below plaintiff in error will receive three-eighths of the whole estate, while the balance will go to the collateral heirs of the testator. The decree also declared the trusteeship of Bertha Kalies vacant by reason of her being a citizen and resident of Germany and not personally present in court and appointed another person in her stead, and directed such other trustee to sell the real estate and bring the proceeds

thereof into court, to await an order of distribution to the parties entitled thereto under the findings of the court. To reverse this decree Bertha Kalies has sued out a writ of error from this court. Her contention is that the court below did not properly construe the will.

Plaintiff in error contends that she is entitled to the entire estate as the only survivor of the four sisters named in the will, and that the provision in the will, "in case either of them shall be dead leaving no heirs, then their shares shall go to the sisters or their heirs who shall be living," means that if any of the sisters shall be dead leaving no children, then in such case her share should go to the survivors. The word "heirs" is not always given its strict legal signification. Where the word is used in such way as to clearly indicate that it is intended to mean children, such meaning will be given to it in order to carry out the testator's intention. (*Fishback* v. *Joesting,* 183 Ill. 463; *Smith* v. *Kimbell,* 153 id. 368.) In the will now under consideration the word "heirs" evidently was used by the testator to mean children. If the intention was to include heirs generally, the sisters named as those who would take the entire estate upon the death of any of the four sisters would take only a part of the estate as collateral heirs. Such could not have been the intention of the testator. When he used the word "heirs" he did not intend to include the sisters who would take the entire estate in case of the death of the other sisters named. Manifestly, what the testator had in mind was that he wanted his estate to be distributed to these four sisters if they should survive him; that if a part of them survived him and a part did not, he intended that the survivors should take the entire estate unless the deceased sisters left children, in which case the children would be substituted in place of the mother. Nor do we think that there is any ground for including the two sisters who were not named in the will, or their heirs, among those who would take in the event of the death of

either of the sisters named. The testator intended that his estate should be distributed to these four sisters and the children of such of them as might be dead at the time of the testator's death. Plaintiff in error was the only survivor of the four sisters named in the will. The three who died before the testator left no children, consequently the plaintiff in error was entitled to the whole of the estate, and the court erred in construing the will otherwise.

Under the construction given to the will by the court below the authority to divide the estate among the beneficiaries was held to include the power to sell the estate, and a decree for its sale was accordingly entered. Under the construction which we have given to the will there will be no occasion for either selling or dividing the estate. It is not necessary to determine whether the power to sell is implied from the direction to divide, since neither a sale nor a division will be necessary.

The court below held that since the trustee, Bertha Kalies, was an alien she could not take title as trustee under the will for the purpose of executing the trust. In this the court erred. Section 1 of the act which went into effect July 1, 1897, provides that all aliens may acquire and hold title, in fee simple or otherwise, to lands, tenements and hereditaments situate in this State, by deed, devise or descent, and may alienate, sell, assign, encumber, devise and convey lands and tenements, and that no person shall be deprived of his right to take and hold real estate by reason of his not being a citizen of the United States. There is no reason for holding that aliens may not take the title to real estate in trust, especially in cases like the one at bar, where the trustee is the sole beneficiary under the trust. (Hurd's Stat. chap. 6, sec. 1.)

The decree of the circuit court of Jefferson county will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*