Syllabus.

---

JOHN C. JEFFERS *et al.*

*v.*

CLARA N. JEFFERS *et al.*

*Filed at Springfield November 2, 1891.*

1. PARTITION IN CHANCERY — *concessions in bill establishing rights ·of defendants.* A party died testate, leaving nine children living and four grandchildren of a deceased son, and by his will directed that after the death of his widow, to whom he had devised his entire estate during her lifetime, each of the children should share equally in all that remained of his property. The nine children filed their bill for partition of the land of their deceased father, against the grandchildren, in and by which the complainants claimed each a tenth part, conceding the right of the defendants to the remaining one-tenth. All parties and the court treated the case as though the defendants were entitled to one-tenth of the estate, until after the filing of the master's report finding the interest of the defendants as not chargeable with their father's debt due the estate, when the complainants, by an exception, attempted to deny the right of the defendants to take anything under the will: *Held,* that complainants, by their own bill, and proceedings under it, established the rights of the defendants to a share in the lands, and could not thereafter be allowed to question the defendants' rights under the will.

2. SAME — *set-off against a legacy.* A debt due from a legatee to the testator's estate can not be set off against a legacy or devise, on a bill for partition of real estate, though the executor may be a party, when the object of the suit is not to collect debts, but merely to have such debt taken into account in making distribution of the estate.

3. A testator devised his entire estate remaining after the death of his widow, to his nine children living and the heirs of a deceased son, who was indebted to him. Several of the children living were also indebted to his estate, which indebtedness was not collected: *Held,* that the indebtedness of the deceased son could not, without the consent of his children, be set off against their share in the grandfather's estate until all the other debts due the estate were collected, and not even then on a bill by the other devisees for a partition of the land of the testator.

4. Where a legacy or bequest is left to the testator's debtor, the indebtedness may be taken out of the legacy. The legatee will be considered, in equity, to have so much of the assets of the estate already in his hands as the debt amounts to, and consequently to be satisfied *pro tanto.*

5. Even on a proper bill filed by the executor, a legatee entitled to a share in an estate can not be required to submit to a deduction of his father's indebtedness from the legacy until all the other indebtedness due the estate is collected or is shown not to be collectible, for until this is done it can not be known what the amount of the legacy will be.

6. INFANT DEFENDANTS—*can waive nothing.* Infant defendants, when sued, can waive nothing, and their rights can only be taken from them by proper allegations and strict proof.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. CHARLES J. SCOFIELD, Judge presiding.

Mr. J. S. IRWIN, for the plaintiffs in error:

The devise being to a class *in esse*, designated "children," the grandchildren take nothing under the will. 2 Redfield on Wills, sec. 2, pp. 7-17; 2 Williams on Executors, 934-936; 2 Jarman on Wills, (5th Am. ed.) 690, and note; *Dickenson* v. *Lee*, 4 Watts, 82; *Hallowell* v. *Phipps*, 2 Whart. 376; *Scott* v. *Nelson*, 3 Porter, 452; *Ward* v. *Sutton*, 5 Ired. Eq. 421; *Bailey* v. *Patterson*, 3 Rich. Eq. 543; *Mordecaie* v. *Boylan*, 6 Jones' Eq. 365; *Pierson* v. *Garnett*, 2 Bro. C. C. 38; *Labadie* v. *Hewitt*, 85 Ill. 341; *Churchill* v. *Churchill*, 2 Metc. 466; *Sheets* v. *Grubbs*, 4 id. 341.

The intention of the law is, that there shall be an equality of distribution. *Knowles* v. *Knowles*, 29 Ill. App. 129; *Grattan* v. *Grattan*, 18 Ill. 169; *People* v. *Atkins*, 7 Bradw. 105.

Insolvency is a principal ground of equitable set-off, and was adopted long before the statutes of set-off were enacted. 2 Story's Eq. Jur. secs. 1432-1436; *Derby* v. *Gage*, 38 Ill. 27; *Hall* v. *Kimball*, 77 id. 161; *Railroad Co.* v. *Field*, 86 id. 270; *Aholtz* v. *Gotham*, 114 id. 241.

It is the duty of the executor to retain sums equal to the indebtedness of the distributee before paying him any overplus. 2 Williams on Executors, 1118-1120; 2 P. Wms. 130; 5 Ves. 243; Toller on Executors, 338; 3 Hare, 589.

Not only should the parent's indebtedness be deducted from the legacy or devise, but this is so even if the indebtedness is

barred by the Statute of Limitations.    2 Am. Law of Administrations, sec. 564; Waterman on Set-off, sec. 209; Toller on Executors, 338; *Howland* v. *Herksher,* 3 Sanf. Ch. 519; 2 Washburn on Real Prop. sec. 43, p. 416; *Strong* v. *Bass,* 35 Pa. St. 333; *Balton* v. *Allen,* 5 N. J. Eq. 99; 1 Roper on Legacies, 608; *Hill* v. *Bloom,* 41 N. J. Eq. 276; *Blackler* v. *Booth,* 114 Mass. 24; *Bowen* v. *Evans,* 70 Iowa, 368; *Armour* v. *Kendall,* 15 R. I. 196; *Rankin* v. *Bernard,* 5 Madd. 32; *Yohe* v. *Barney,* 1 Binn. 358; *Nelson* v. *Murfee,* 69 Ala. 568; *Godbold* v. *Godbold,* 13 S. C. 601; *Denise* v. *Denise,* 37 N. J. Eq. 163; *Snider* v. *Waubasse,* 3 Stock. 463; *Voorhees* v. *Voorhees,* 3 C. E. Green, 223; *Clark* v. *Bogardus,* 12 Wend. 69; *Brokaw* v. *Hudson,* 12 C. E. Green, 135; *Williams* v. *Crary,* 5 Cow. 368; *Tinkham* v. *Smith,* 56 Vt. 187; *Wilson* v. *Kelly,* 16 S. C. 216; *Higgins* v. *Scott,* 2 B. & A. 418; *Springer's Appeal,* 29 Pa. St. 208; *Sartor* v. *Beatty,* 25 S. C. 293; Redfield on Wills, p. 484, par. 21.

The following cases indicate that the relief sought in this case should be granted:    *Handberry* v. *Doolittle,* 38 Ill. 202; *Cutright* v. *Stanford,* 81 id. 240; *Grattan* v. *Grattan,* 18 id. 167; *Labadie* v. *Hewitt,* 85 id. 341; *Bangs* v. *Brown,* 113 id. 80; *Tenk* v. *Lock,* 26 Ill. App. 216; 2 Powell on Devises, 303; *People* v. *Atkins,* 7 Ill. App. 105; *Anable* v. *Patch,* 4 Pick. 360; *Jenkins* v. *Freyer,* 4 Paige, 47.

In partition cases the court may settle all conflicting titles. No cross-bill is necessary, and if the proper parties are before the court it shall make such finding and settlement of the title as the evidence shall show to be right.    Rev. Stat. sec. 60, chap. 22; *Holman* v. *Gill,* 107 Ill. 467; *Hill* v. *Reno,* 112 id. 154; *Kilgour* v. *Crawford,* 51 id. 249; *Loomis* v. *Riley,* 24 id. 307; *Greenup* v. *Sewell,* 18 id. 53; *Knapp* v. *Gass,* 63 id. 492; *Hickenbotham* v. *Blackledge,* 54 id. 316.

An erroneous statement of title in a bill or petition is not fatal, and the facts should be settled by the decree.    *Gage* v. *Bissel,* 119 Ill. 298.

The application of the executor in this case to have the money paid to him is in the nature of an interpleader. *Tenk* v. *Lock,* 26 Ill. App. 216; *Henrichsen* v. *Hodgen,* 67 Ill. 179; *Labadie* v. *Hewitt,* 85 id. 341; *Allen* v. *Woodruff,* 96 id. 11.

Mr. A. C. BENTLEY, for the defendants in error:

The money or property for which said Francis L. Jeffers, in his lifetime, was indebted to Elijah Jeffers, can not be charged against the children of said Francis L. Jeffers as an advancement. When not evidenced in the manner required by the statute, it is, in legal effect, no advancement at all, however clearly it may appear that it was so intended. *Comer* v. *Comer,* 119 Ill. 170; *Wallace* v. *Reddick,* id. 151.

In proceedings for partition the court must declare the interests of the parties. *Greenup* v. *Sewell,* 18 Ill. 53; *Kilgour* v. *Crawford,* 51 id. 249.

It is the inflexible rule that commissioners must follow such judgment of the interests of the parties in making partition.

If parties make no objection, and no exceptions are taken to such judgment of interests or report of commissioners, then all right of objection is waived. *McCracken* v. *Droit,* 108 Ill. 428.

A guardian *ad litem* can not waive any of infants' rights, can not waive any objections that would be of benefit to said infants, and can make no agreement for them. *Cartright* v. *Wise,* 14 Ill. 417; *McClay* v. *Norris,* 4 Gilm. 370.

It is not the duty of a master in chancery to report on collateral matters not raised by the issues. *Fordyce* v. *Shriver,* 115 Ill. 530.

Where parties appear before the master in chancery and file exceptions, they can not afterward dispute other findings not objected to at the time, and to which no exceptions were taken.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill in chancery, by plaintiffs in error, against defendants in error, to the November term, 1888, of the circuit court of Pike county. The bill alleged, that about May 31, 1883, Elijah Jeffers died testate, seized of certain real estate and possessed of a large amount of personal property, leaving him surviving, a widow, the complainants, his only children, and the defendants, his grandchildren, being the children and heirs-at-law of a deceased son, Francis L. Jeffers; that by his last will said Elijah disposed of his property by the following clause:

"*Second*—I give and bequeath to my wife all my property, both real and personal, during her life. After her decease that each of my children shall share equally in all that remains of my property, both real and personal."

The bill then proceeds to allege "that on the — day of June, 1888, the said widow departed this life, upon the happening of which event the heirs became and now are entitled to a partition of the real estate owned by said testator, and to an equal division of the personal estate remaining after the death of said widow; that by said last will and testament no power or authority is given to the executor, or any one else, to sell or make·partition of said estate, and the same is so situate than no equal division thereof can be made without the aid of this court, and from the fact that a part of those interested therein are under age; that the children of the said Elijah Jeffers are your orators, as hereinbefore named, (except Hiram Hooper, Thomas Patten and David P. Daniels, who claim only marital rights through their respective wives, as herein set forth,) and the heirs of Francis T. Jeffers, deceased, who was a son of the said Elijah Jeffers, but who is now deceased, having died in the lifetime of his father. The said Francis left surviving him, and now in life, the following children and heirs-at-law, viz., Clara Nettie, Effie Lucinda, Lillie Gil-

bert and Mertie Leonidas, and his widow, Ann Jeffers. * * *
That there are no personal effects belonging to said estate
except the notes and accounts due said testator in his life-
time for money loaned to his several children above named,
and your orators aver that it is right and just that the amount
of money due, severally, on said notes and accounts should be
taken into account and consideration, and charged to said
heirs, severally, in the settlement and distribution of said es-
tate." Then follows a description of the real estate of which
the testator died seized. The prayer is for process against
the defendants, the appointment of a guardian *ad litem* for
them, and that upon a hearing an account be taken of the in-
terest of the parties and a finding as to the respective shares
of the owners of said lands, that commissioners be appointed,
etc., concluding with the usual prayer in bills for partition.
The will of Elijah Jeffers was attached to and made part of
the bill. The answer of the defendants, by their guardian
*ad litem*, specifically denies that any charge should be made
against their share of the estate of Elijah Jeffers on account
of any indebtedness of their deceased father.

At said November term the master in chancery, in pursu-
ance of an order of the court, made his report of evidence
taken by him, and also his conclusions thereon, finding each
of the complainants entitled to one-tenth and each of the de-
fendants to one-fortieth of said real estate. This report was
approved, and commissioners duly appointed to make parti-
tion accordingly. Subsequently these commissioners reported
the premises not susceptible of division, and thereupon a de-
cree of sale was entered, in obedience to which the master sold
the premises, and his report thereof was duly approved. At
the next term of said circuit court the cause was re-referred
to the master, with directions to take and report the evidence,
with his conclusions as to whether advancements had been
made by Elijah Jeffers, in his lifetime, to the father of defend-
ants, and whether said father was indebted to the testator, and

whether, in the distribution of the funds in the master's hands, said defendants should be charged with any such indebtedness. In his report on this reference the master found that said Francis L. Jeffers, father of the defendants, at the time of his death was indebted to said Elijah Jeffers in the sum of $611.40, as shown by certain promissory notes. These notes do not appear in the record, and there is nothing to show when they were given or when they became due. The master reported his conclusion, from the evidence taken on this branch of the case, that such indebtedness should not be charged to the defendants. He also found, and so reported, that the complainant Isaac E. Jeffers was indebted to the said estate $1645.97; the complainant Lizzie Donley, $476.25; the complainant Mary A. Hooper, $342.10; D. P. Daniels, husband of the complainant Lucinda Daniels, $364.47; the complainant S. P. Jeffers, $365.41; the complainant James Jeffers, $591.63; the complainant J. C. Jeffers, $458.78; the complainant William P. Jeffers, $1001.37. He then treated the amounts due from Lizzie Donley, Mary A. Hooper, D. P. Daniels, S. P. Jeffers and J. C. Jeffers as collected, and added the amounts thereof to the proceeds of the sale of the real estate,—$1500.65,—making for distribution, $3558.66. This amount he divided equally among said last named complainants, and the complainant Rachel Patten, who owed nothing, and the defendants, giving each $508.40, and leaving the amounts due from Isaac, James and William P. Jeffers undisposed of. No exception was taken to this report so far as it affects the complainants, but exceptions were filed to it in so far as it held the defendants not liable for the amount reported as due said estate from their father. The final order of the court overruled said exceptions, and confirmed the master's report, making a final order of distribution in conformity therewith.

Complainants prosecute this writ of error, and insist, first, that under the will of Elijah Jeffers, the defendants, his grand-

children, can take no part of his estate; and second, if they can, the indebtedness of their father to said estate should be charged against them in making distribution of the assets of said estate.

The assertion of the first of these propositions by plaintiffs in error is flying in the face of their own bill. The argument is, that the father of defendants having died before the testator made his will, the language, "to each of my children," did not include the deceased son, and hence his heirs could take nothing by the will. The bill throughout recognizes the right of the defendants to share in the estate of their grandfather, the testator. No one could mistake it as being other than a bill for the partition of the estate of Elijah Jeffers, deceased, in which the nine complainants each claim an undivided one-tenth of said estate, conceding the remaining tenth to belong to the defendants. All parties and the court so treated it, and it was not until after the filing of the master's report finding the interest of the defendants not chargeable with their father's indebtedness, that an attempt was made to question their right to that interest. The master's report so found the respective rights of the parties, and it was approved by the court. A decree of partition was rendered accordingly. All the steps in the cause to the master's report finding defendant's interest not chargeable with said indebtedness were taken upon the motion of complainants themselves, and upon the theory that defendants were owners of a one-tenth interest in the real and personal property of the deceased which remained at the death of his widow. Even after the filing of that report no attempt was made to amend the bill so as to present a different issue, but the effort was to deny that interest by exception to a master's report not purporting in any way to decide that issue. Complainants, by their own bill and proceedings under it, have established the rights of defendants which they now attempt to defeat. This, clearly, they can not do.

We are also of the opinion that the finding and decree of the court below, that defendants' interest in said estate was not chargeable with their father's indebtedness, must be affirmed. The contrary view could only be maintained on the theory that the executor of Elijah Jeffers had the right to set off any debt due said estate from Francis L. against the legacy to the latter. It is undoubtedly true that where a legacy or bequest is left to the testator's debtor, the indebtedness may be taken out of the legacy, for the reason, as is said, "the legatee's demand is in respect of the testator's assets, without which the executor is not liable, and therefore the legatee in such case is considered by a court of equity to have so much of the assets already in his hands as the debt amounts to, and consequently to be satisfied *pro tanto.*" (Toll. on Executors, 338.) It has also been held that an executor's right to deduct a debt due the testator from a legacy will not be defeated by showing the debt to be barred by the Statute of Limitations.

But neither the allegations nor the proof in this case would justify the application of the foregoing rules to these defendants. In the first place, the bill is not by the executor of the last will of Elijah Jeffers, in that capacity. The object of it is not to collect debts due the testator, but merely to have them taken into the account in making distribution of the estate. No indebtedness from Francis L. is mentioned in the bill, much less to offset such indebtedness against a legacy due the defendants. It must be borne in mind that these defendants, being minors, could waive nothing, and their rights could only be taken away from them by proper allegation and strict proof. If complainants chose to have portions or all of their respective indebtedness added to the proceeds of the sale of the real estate, and distribution made thereof as so much money due the estate collected, as they seem to have done, they had an undoubted right to do so as among themselves, but they can not compel the defendants to pay their father's debt in that way. The master's report shows a large amount.

of money still due the estate from certain of the complainants, and it is clear that until that indebtedness is collected by the executor, or he in some way shows that it can not be collected, he would be in no condition to compel these defendants, even by a proper bill, to submit to a deduction of their father's indebtedness from the legacy due them, because until the executor has collected all the assets of the estate, it can not be known what the amount of the legacy to the defendants is. This was certainly an unusual proceeding on the part of the complainants, and the decree of the circuit court doubtless leaves the estate of Elijah Jeffers in an awkward condition, but we see no reversible error in the record, under the errors assigned, which the plaintiffs in error are in a position to urge.

The decree of the circuit court must be affirmed.

*Decree affirmed.*