JAMES A. JORDAN et al. Plaintiffs in Error, vs. NETTIE B. JORDAN et al. Defendants in Error.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. WILLS—*whole scope and plan of testator is to be considered in seeking his intention.* In seeking for the intention of the testator the whole scope and plan of the will is to be considered, and the intention is to be gathered from all parts of the will and not from a single clause.

2. SAME—*when the children should not be charged with debt of father.* Where the grandchildren of the testator take their interest directly from the will and not as heirs of their father, who had but a contingent life interest in a share of the income after the debts of the estate were paid, which contingency did not occur during his lifetime, it is error to charge his children with a debt which he owed the estate, of which no mention was made in the will.

3. RES JUDICATA—*when a decree is not conclusive of rights of grandchildren.* Where a decree in a proceeding by trustees to construe a will finds that certain advancements by the testator to one of his grandchildren are a charge upon the share of his father, who had only an equitable life estate in the income and who died before he became entitled to anything or received anything, the decree is not conclusive that such advancements must be charged to his children, where they take their interest in the remainder directly from the will and not as heirs of their father.

4. TRUSTS—*when indebtedness of grandson is chargeable to his brothers and sisters.* Where the testator provides that advancements to a grandson shall be paid by him to the executors and in default thereof the amount shall be deducted from the share of his father and the sum deducted be equally divided among the other children of the testator, but the father dies before receiving anything or being entitled to receive anything, the shares of the brothers and sisters of the grandson are chargeable with the amount of the advancements, subject to their equitable right, under the will, to have him pay the advancements out of his own share if it is sufficient.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

C. E. BEACH, A. L. PHILLIPS, and C. M. SWANSON, for plaintiffs in error.

JOHN H. PASSMORE, and DANIEL RILEY MCMASTER, for defendants in error.

FRANK LINDLEY, guardian *ad litem* for Homer Jordan.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James A. Jordan and Charles A. Jordan, plaintiffs in error, filed in the circuit court of Ford county their report as trustees of the estate of Andrew Jordan, deceased, showing a balance of $3207.07 in their hands, and their petition for an order of distribution to the beneficiaries under the will of Andrew Jordan who might be entitled thereto. The defendants in error, Nettie B. Jordan, Chloa Day Jordan, James Blaine Jordan, Cenoth L. Jordan, William McKinley Jordan and Homer Jordan, grandchildren of the testator, (children of William N. Jordan, who died after the testator,) were made defendants, with others. Homer Jordan was an infant and a guardian *ad litem* was appointed for him. The court made an order for the distribution of $3000, in which the heirs of William N. Jordan were charged $451.50 for a debt due the estate from their father. The heirs were also charged with $1932.87 which Orvis F. Jordan, a son of William N. Jordan, owed the estate. From that part of the decree charging the children of William N. Jordan with these two items the defendants appealed to the Appellate Court for the Third District. The court made another charge of $347.30 to four of the defendants in error, Nettie B. Jordan, Chloa Day Jordan, Cenoth L. Jordan and James Blaine Jordan, for money loaned to them by the trustees at the time of their father's funeral and which was due the trustees. There was no dispute about that charge and no error was assigned upon it in the Appellate Court but it was expressly excepted from the assignment of errors. The Appellate Court, however, consid-

ered that item with the other two and reversed the whole, and remanded the cause to the circuit court to re-state the account and enter a decree directing distribution according to the opinion of the Appellate Court. It is admitted that the Appellate Court erred with respect to the charge of $347.30, about which there was no complaint. A writ of *certiorari* was allowed to bring the record to this court, and the controversy here, as in the Appellate Court, is concerning the two items of the indebtedness of William N. Jordan and Orvis F. Jordan.

Andrew Jordan died on June 28, 1901, leaving a widow and five children. He was the owner of 880 acres of farm lands, a house and four lots in Gibson City, a vacant lot in a suburb of Chicago and personal property of the value of about $20,000. The farm lands were incumbered for about $40,000 and there was a considerable amount of unsecured indebtedness. He left a last will and testament, naming his sons James A. Jordan and Charles A. Jordan, the plaintiffs in error, as executors and trustees, and devising to them his entire estate upon trusts therein declared for the purpose of paying off the incumbrances from the income of the farm lands. Directions were given for leasing the lands, mortgaging the same and renewing incumbrances, the payment of taxes and keeping up repairs, and by that means discharging the incumbrances. The portions of the will material to this controversy are as follows:

"That after said incumbrances are paid in full and all the liens against the said lands shall be fully paid and discharged my said executors shall continue to pay the taxes and insurance and keep up reasonable and necessary repairs, and shall then divide the income from said lands, which they shall continue to rent in the manner aforesaid, among my children, share alike, and in case of the death of any one of my said children the same to be paid to the heirs, or in case of minority, to the legal guardian of such child or children, share and share alike. The shares from

said income to be paid in money to the parties entitled to the same, and to be paid to them in their own hands and not upon any written or verbal order, nor upon any assignment or transfer by my said children or grandchildren."

"That after the death of my said children William N. Jordan, John H. Jordan, Nancy E. Campbell, wife of R. W. Campbell, and the payment of all incumbrances aforesaid, it is my will and desire and I hereby devise to my said grandchildren, and to the heirs of the said Charles A. Jordan and James A. Jordan, and the heirs of each taking the share of such deceased parent,—that is, such share as such deceased parent would take had not this will been made,—share and share alike, it being my intention by this will that at the time, and not before, the title to said real estate shall vest in the heirs of my children or their descendants, and in case of the death of any of my heirs, the children and heirs of each taking the share of the deceased parent, share and share alike."

"That I have advanced considerable money, and may still expend more, for the education of my grandson Orvis Jordan, for which I have taken his promissory notes, and will take such notes for further advancements, and it is my will that he pay the same to my executors, and that in default of his paying the same that the amount due on said notes shall be deducted from any money that may eventually go to his father, William Jordan, and that such sum so deducted shall be distributed equally between all my children, share and share alike, and in case of the death of any of my said children leaving children surviving him, that the children of such deceased parent share and share alike."

William N. Jordan, son of the testator and father of Orvis F. Jordan, died on February 4, 1910, before the debts of the estate were paid and never having been entitled to anything from the executors from which the debt of Orvis F. Jordan could have been deducted. He left eight children,—Orvis F. Jordan, Nellie Jordan McCormick and

the six defendants in error. The report of the trustees filed on April 1, 1913, represented that all debts and obligations of the estate had been fully paid and that they had in their hands the above stated sum of $3207.07 to be distributed. The court decided that the debts of William N. Jordan and Orvis F. Jordan were charges on the shares of the children of William N. Jordan and should be deducted from such shares *pro rata,* and made an order of distribution accordingly.

It is contended that the Appellate Court erred in reversing the decree because there was a proceeding in the circuit court of Ford county in which the trustees were the complainants and William N. Jordan one of the defendants, in which a decree construing the will of Andrew Jordan as claimed by the plaintiffs in error was entered in 1904. By that decree the court found that the sums then due the estate by Orvis F. Jordan, and that would be due in the future, were chargeable to the share of the rents and profits accruing to his father, William N. Jordan, to be paid out of that share before William N. Jordan should receive any part of the rents and profits. The argument is that this decree was *res judicata* between the present parties and conclusive of the rights of the defendants in error. But that position is incorrect. William N. Jordan was living at the time of the decree, and he had only an equitable life estate and no interest in the remainder now vested in his children. The will specifically provided that the advancements to Orvis F. Jordan should be chargeable to his father, William N. Jordan, but the father died before anything was charged to him or he ever became ·entitled to anything. The defendants in error took their interests in the estate direct from the testator under and by virtue of the will and not as heirs of their father, William N. Jordan. He had a contingent life estate which would be liable for his debts, but the contingency never happened, as the debts of the estate were not paid, and the defendants in error received

their interests free from all debts existing against him. *Boyd* v. *Strahan,* 36 Ill. 355; *Hill* v. *Gianelli,* 221 id. 286.

The former decree not being *res judicata,* the question whether the court was right in charging the debts of William N. Jordan and Orvis F. Jordan to the children of William N. Jordan is still open, and so far as the debt of William N. Jordan is concerned the decree was wrong. The will made no mention of any debt that William N. Jordan might owe the estate and created no charge against his interest. If William N. Jordan owed the estate the executors might collect the debt from him as an asset of the estate, or if there was money due William N. Jordan his indebtedness might be deducted, (*Jeffers* v. *Jeffers,* 139 Ill. 368,) but his interest was one for his life, only, in the share of the income after the debts of the estate were fully paid, and he died before the debts were paid and before any interest in the estate accrued to him. His debt was not chargeable to his children.

The will contained a provision respecting the existing and prospective debt of Orvis F. Jordan for advancements made and to be made by the testator and provided for the charge against the share in the estate that would eventually go to his father, William N. Jordan, the sum deducted to be distributed equally among all the children of the testator, and in case of the death of any of the children leaving children surviving, the children of the deceased parent were to share and share alike in the same. The question whether the Appellate Court was right depends upon the proper construction of the will, the purpose of which is to give it the interpretation and meaning which the testator intended it should have. In seeking for the intention the whole scope and plan of the testator is to be considered, and the intention is not to be gathered from one clause of the will, alone, but from all its parts. (*Young* v. *Harkleroad,* 166 Ill. 318; *Bennett* v. *Bennett,* 217 id. 434; *Mosier* v. *Bowser,* 226 id. 46.) When the intention of the testator is ascertained it

is to be carried out if not prohibited by law. (*Bradsby* v. *Wallace*, 202 Ill. 239; *Armstrong* v. *Barber*, 239 id. 389; *Smith* v. *Dellitt*, 249 id. 113.) The testator had a large estate heavily incumbered, and he created the trust for the purpose of relieving the estate from the incumbrances. He confided in the judgment of his sons James A. Jordan and Charles A. Jordan and made them executors and trustees, with directions for the management of the property to accomplish the desired result. He apparently did not have the same confidence in the judgment of his other children, because he provided that after the debts were paid the shares of the income should be paid in money to the other children, not upon any written or verbal order or upon any assignment or transfer. Aside from these declared purposes his intention to make an equal distribution among his children and their descendants is clear. The testator naturally expected that the share of William N. Jordan would go to him, but declared his purpose to be that the children and heirs of each one should take such share as the deceased parent would take if the will had not been made, and that the sum deducted on account of the debt of Orvis F. Jordan should be distributed equally among all his children and the descendants of any who might have died. His intention, as it appears to us, was to accomplish an equal distribution among the children or those representing them. For that purpose he provided for deducting the advancements to Orvis F. Jordan from the share of William N. Jordan, which now goes to his children, and in our judgment the circuit court was right in that conclusion. The will, however, provided that Orvis F. Jordan should pay to the executors the amount of the advancements, and in default of his paying the same the amount due should be deducted from William N. Jordan's share, and the circuit court did not preserve the equitable right of the other children that Orvis F. Jordan should pay his own debt. The debt of Orvis F. Jordan was to be added to the estate and the dis-

tribution to be absolutely equal, including that as an asset. In case the share of Orvis F. Jordan is sufficient to pay his debt it should be taken out of his share. If it is not sufficient, the remainder must be apportioned among the other children of William N. Jordan, who are to be resorted to for any deficiency. If in the future the income shall be sufficient to pay the share of Orvis F. Jordan, the trustees should adjust the equities so that his share will bear his debt as the testator intended it to do.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed and providing for the payment of costs by the trustees from funds of the estate. The costs in this court will be taxed to the trustees, to be paid in like manner from funds of the estate.

*Reversed and remanded, with directions.*