# Fairview Lodge No. 350, Ancient Free and Accepted Masons of Fairview, Illinois, Defendant in Error, v. John W. Gaddis, Executor, et al., Plaintiffs in Error.

1. WILLS, § 226*—*what is fundamental rule of construction.* The fundamental rule of construction of a will is to find and give effect to the intent of the testator.

2. WILLS, § 228*—*examination of all of provisions of will to ascertain testator's intent.* In seeking the intent of a testator, all of the provisions of the will will be examined.

3. WILLS, § 240*—*where technical construction will stop.* A technical construction of a will will not be carried to the extent of defeating the obvious intention of the testator.

4. WILLS, § 403*—*when nonfulfillment of condition will not defeat residuary bequest.* A residuary bequest to a Masonic Lodge, made on condition that a Masonic Association convey certain property to the Lodge; that "all" of the stockholders in the Association donate their shares of stock to the Lodge, and that the canceled certificates of stock be delivered to the testatrix executor, *held* not defeated by the fact that, although the property was conveyed and the Association was dissolved, two of the stockholders refused to donate their stock and to deliver their certificates to the executor.

5. WILLS, § 403*—*who not entitled to complain that condition on which residuary bequest was made was not fulfilled.* In making a residuary bequest to a Masonic Lodge on condition that a Masonic Association would convey certain property to the Lodge and that the Lodge would pay off the indebtedness on the property, *held* that the testatrix intended that the Lodge should pay off the indebtedness out of the residuary fund and that the balance of the fund should become a trust fund for the purpose specified by the testatrix, and that the execution of the indebtedness provision was of no concern to the executor of the testatrix and those who were designated by the testatrix to take the residue in the event that the Lodge and Association did not accept it upon the terms and conditions specified.

Error to the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

W. R. CURRAN, RALPH DEMPSEY, BURNETT M. CHIP-

*See Illinois Notes Digest. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ERFIELD and CLAUDE E. CHIPERFIELD, for plaintiffs in error.

HARVEY H. ATHERTON and LAWYER & HAINLINE, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Mary C. Swegle, on May 30, 1918, departed this life leaving a last will and testament which was duly probated and one John W. Gaddis, named as executor therein, duly qualified as such. The first clause of her will directed that all her just debts be paid. The second bequeaths $500 to the Reformed (Dutch) Church of Fairview, Illinois, as an endowment fund for the support of the minister. The third bequeaths to the Methodist Episcopal Church of Fairview $500 as a like endowment fund. The fourth bequeaths $500 to each of the following persons: Mary Catherine Luman, Lucy Ellen Swigert, Grace Gunnett Hoxworth, Carrie Gunnett Ulm, Mildred Schleich and Hazel Schleich. The fifth clause is as follows:

"Fifth: I give, devise and bequeath to Fairview Lodge No. 350, Ancient Free and Accepted Masons, of Fairview, Illinois, all the balance and residue of my estate, upon the following conditions; that the Fairview Masonic Association of Fairview, Illinois, deed and convey to said Lodge the building and lot now owned by them, being the East part of Lot Number Twelve (12) in the original plat of the Town of Fairview, in the County of Fulton and State of Illinois; and provided further that all stockholders in said Masonic Association donate their share or shares of stock held by them in said Association to the said Fairview Lodge No. 350, A. F. & A. M. and the cancelled certificates of stock be delivered to my executor hereinafter named. That the said Lodge shall first pay of the indebtedness on said property and whatever balance is left in the residue of my estate is to

form and placed in a trust fund, which is to loaned on real estate security and the proceeds of the interest and income each year is to be equally divided between said Lodge and Fairview Chapter No. 99, Order of the Eastern Star, of Fairview, Illinois, for their support and maintenance. The said Lodge shall appoint or elect from their membership a trustee to handle the said trust fund.

"In case the said Lodge and said Masonic Association, within one year after my death, do not accept the residue of my estate upon the terms and conditions as above set forth, it is then my will that the residue of my estate be equally divided between the six persons named in the fourth clause of this, my will, upon the same conditions as there provided.

"I hereby direct, authorize and empower my executor, hereinafter named, to make sales of all my property, both real and personal, to deed and convey my real estate, at such times as in his judgment will be for the best interest of my estate, at public or private sale and divide the proceeds of sales and all my estate as I have hereinto directed."

On July 3, 1918, the executor filed his final report in the County Court by which it is shown that, after paying all the costs and expenses of administration and the specific legacies mentioned in the second, third and fourth clauses of the will, there remained a residuary estate to be distributed of $11,293.01.

The Fairview Lodge filed its petition in the County Court in said estate, averring in substance that it had accepted the provisions made in clause 5 of said will within one year from the date of the death of the testatrix and that a substantial compliance with the provisions of such request had been made, and prays that an order be entered directing the executor to pay the residue of said estate to the Lodge. Upon a hearing in the County Court, the prayer of the petition was denied. An appeal was taken to the Circuit Court, where upon a hearing an order was entered

directing the executor to pay the residuary estate to the Fairview Lodge. To reverse this order, plaintiffs in error have sued out this writ of error.

The proofs show that the Fairview Masonic Association was a corporation having a capital stock of $5,000, and owned the building and lot mentioned in the will. On this lot was a mortgage given to secure an indebtedness of $2,500. At a meeting of the stockholders of the association on December 3, 1917, all the shares of stock were represented and a resolution was adopted to convey the property by a deed to the Lodge in order to comply with the conditions of the will. All the shares voted in favor of the resolution except ten. Eight of those voting in the negative were owned by A. J. Gunnett, the father of two of the plaintiffs in error. Carrie Gunnett Ulm and Grace Gunnett Hoxworth, the other two shares voting in the negative were owned by Calvin J. Hooper. At the same meeting and by the same vote a resolution was adopted to dissolve the corporation. Subsequently, the real estate was conveyed to the Lodge, the indebtedness thereon paid and the Association dissolved. All the shares of stock were surrendered and delivered to the executor except the ten owned by Gunnett and Hooper.

It is contended by plaintiffs in error that Fairview Lodge never required any interest in the residuary estate for the reason that two conditions precedent mentioned in clause 5 of the will had not been complied with, viz.: (1) That all stockholders in said Masonic Association donate their share or shares of stock held by them in said Association to the said Fairview Lodge, and, (2), that the canceled certificates of stock be delivered to the executor named in said will within one year after the death of the testatrix. It is insisted by counsel for plaintiffs in error that conditions precedent to the vesting of an estate must be strictly and literally complied with in every

particular before the estate shall vest, and it is claimed that under the fifth clause of the will, the provision that "all" stockholders in said Masonic Association donate their share or shares of stock to the Fairview Lodge and the canceled certificates of stock be delivered to the executor were conditions precedent and have not been complied with for the reason that Gunnett and Hooper have never so donated their shares of stock nor delivered them to the executor.

The fundamental rule of construction of a will is to find and give effect to the intent of the testator and, in seeking the intent, all the provisions of the will will be examined. *Guerin v. Guerin,* 270 Ill. 239; *Leary v. Kerber,* 255 Ill. 433; *Jordan v. Jordan,* 274 Ill. 251. A technical construction will not be carried to the extent of defeating the obvious intention. *Blackmore v. Blackmore,* 187 Ill. 102; *Johnson v. Askey,* 190 Ill. 58; *Webbe v. Webbe,* 234 Ill. 442; *Smith v. Winsor,* 239 Ill. 567. The general intention of the testatrix shown by the fifth clause of her will undoubtedly to bequeath the residue of her estate to Fairview Lodge provided that the Masonic Association as a body would convey the real estate mentioned free of its incumbrance to the Lodge. We cannot sustain the contention that the testatrix intended that this bequest should depend upon the will or caprice of a minority of the shareholders. After the dissolution of the Masonic Association the shares of stock therein became valueless and their delivery to the executor could accomplish no purpose whatever. This provision is directory and advisory only and not mandatory.

It is further urged that because the mortgage executed by the Association was released and a new mortgage was executed by the Lodge after the conveyance to it of the property, the Lodge has not complied with that provision in the fifth clause directing that the Lodge shall first pay off the indebtedness on said

property and whatever balance is left of the residue of her estate is to form and be placed in a trust fund. The intention of this provision is that the Lodge shall pay off the indebtedness out of the residuary fund and the balance of said fund after the payment of this indebtedness shall become a trust fund for the purpose mentioned. In the execution of this provision, plaintiffs in error have no concern.

Some other points are raised by plaintiffs in error which we have considered, but deem it unnecessary to discuss. In our opinion, the construction placed upon the fifth clause of the will by the chancellor is correct and the decree of the Circuit Court is affirmed.

*Affirmed.*