(No. 32978.—▮▮▮▮▮▮▮)

THOMAS JOHN DAVIDSON, Appellant, *vs.* MARY SCOTT
DAVIDSON, Appellee.

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

BLACK, BLACK & BORDEN, of Peoria, for appellant.

CARL E. PHILLIPS, and LONDON G. MIDDLETON, both of Peoria, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Thomas John Davidson, plaintiff below, filed a bill in chancery in the circuit court of Marshall County to construe the will of his grandfather, Richard Davidson, and to confirm and establish in himself the title to certain lands devised by said will. Mary Scott Davidson, daughter of Richard Davidson, deceased, and the aunt of the plaintiff, claimed title to the said lands by virtue of a provision of the will and was named as defendant. Defendant filed a counterclaim praying a decree construing the will as vesting title in her free of any claims by the plaintiff. By decree of the trial court, Mary Scott Davidson was vested with the fee title to the lands, and Thomas John Davidson was barred from claiming any right, title or interest in and to the said real estate. A freehold necessarily being involved the plaintiff prosecutes an appeal directly to this court.

Richard Davidson died testate on April 15, 1914, survived by five children: John, Mary Scott, William Henry, James, and Thomas Scott Davidson. He was also survived by six grandchildren. His will, executed March 8, 1911, was probated in the county court of Marshall County. His estate was duly administered and was closed on July 12, 1915.

Testator's son, Thomas Scott Davidson, was, on the date of the execution of the will, a divorced person, having been divorced from Elizabeth Davidson in 1907. Two children were born to this marriage. One child died in infancy, the other is the plaintiff, Thomas John Davidson.

Item eight of testator's will directed his executor to pay $1000 out of the funds of his estate to his grandson, Thomas John Davidson, when he arrived at the age of twenty-one years. The ninth item devised and bequeathed eighty acres of described land to testator's son John Davidson in trust with full control and the duty to pay all taxes and legal assessments against same out of the rents and profits arising therefrom. Testator's son, Thomas Scott Davidson, was named as *cestui* of this trust for life. The tenth item of testator's will provided:

"Tenth, My son, Thomas Scott Davidson, who is widower if he Should marry again and have a child or children the land described in item Ninth of this My will his child or children Shall inheret it in fee Simple If there be no children then said descrbed land I devise to my daughter Mary Scott Davidson and her lawfull heirs"

On March 27, 1914, Thomas Scott Davidson remarried Elizabeth Davidson, but no child or children were born of such remarriage, nor did he have any child or children born of any marriage subsequent to March 8, 1911, the date of the execution of testator's will. Thomas Scott Davidson died on April 2, 1952, survived by only one child, Thomas John Davidson, plaintiff.

April 28, 1952, plaintiff filed his bill alleging that Mary Scott Davidson claimed title to the said eighty acres of land, and praying the court to construe the tenth item as vesting title in any child of Thomas Scott Davidson who survived him, and that he be declared the owner in fee simple. Mary Scott Davidson, the defendant, filed a counterclaim praying the court to construe the will as vesting title to these

eighty acres in herself, and declaring her to be the owner of the fee, free of any claims by plaintiff. The parties stipulated that no questions of fact were raised by the pleadings, and that since only questions of law were presented the matter need not be referred to the master, but should be submitted to the court on written briefs. The court took the cause under advisement pursuant to the stipulation and on June 18, 1953, decreed Mary Scott Davidson to be the owner in fee simple of the lands, free of any claim in or to the real estate by plaintiff.

Plaintiff asserts that the tenth item of the will is latently ambiguous for the reason that his father, Thomas Scott Davidson, did marry again and was survived by a child, the plaintiff, though not a child born of the remarriage. Defendant insists it is required by the provisions of the tenth item that the child be born of the remarriage. Plaintiff then avers that, ambiguity thus being existent, the court will apply certain settled rules of construction to determine the intention of the testator unless there is a manifest intention to the contrary. These rules, he maintains, all lead to the conclusion that the testator intended the plaintiff to take, and the application of any of them will result in a determination for the plaintiff.

Defendant answers saying that no ambiguity exists in the tenth item of the will. She calls specific attention to those cases cited by plaintiff as espousing the proper rules of construction, and finds no area of disagreement with them except that an application of them tends to support her right to the lands. The testator's intention must be determined from the language used in the will, but if the language is such that the intention is doubtful, the court may consider the circumstances surrounding the testator when the will was made, as shown by extrinsic evidence, so as to place itself in the position of the maker and glean from the language used in the instrument the intention of the maker in using such language. The intention sought

is not that which by inference may be presumed to have existed in the mind of the testator, but that which by the words used in the will he has expressed. (*Dahmer* v. *Wensler*, 350 Ill. 23; *Bond* v. *Moore*, 236 Ill. 576.) The testator's intention is to be gathered not from one clause in the will alone, but from a view of the will as a whole and all of its parts, sentences, phrases or words, bearing in mind the plan of the testator as expressed in the entire will. (*Jackman* v. *Kasper*, 393 Ill. 496; *Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447; *Dahmer* v. *Wensler*, 350 Ill. 23; *Jordan* v. *Jordan*, 274 Ill. 251; *Black* v. *Jones*, 264 Ill. 548.) The cardinal rule of testamentary construction is to ascertain the intention of the testator and to give it effect unless the testator attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. (*Dahmer* v. *Wensler*, 350 Ill. 23; *McCormick* v. *Hall*, 337 Ill. 232.) Where the intention of the testator is manifested by the words employed the court will uphold it, and will not employ rules of construction to find a presumed intention. *Cahill* v. *Michael*, 381 Ill. 395; *Smith* v. *Shepard*, 370 Ill. 491.

It is agreed that the rules of construction should be applied to so construe a will that the intention expressed by the testator may be effected. Testator here directed "My Son Thomas Scott Davidson who is widower if he Should marry again and have a child or children the land described in item Ninth of this my will his child or children Shall inheret it in fee simple * * *." It is the intention of the testator as expressed in these words with which we are concerned.

Assuming, without deciding, that plaintiff falls within that class denominated "his child or children" who shall inherit the fee, it is obvious that a condition precedent must be fulfilled before there can be a vesting of title in the plaintiff. That condition precedent is that plaintiff's father, Thomas Scott Davidson, should marry again and

have a child or children. This condition is only fulfilled by satisfying the two denominated requirements. It is agreed that the father did marry again, and thus met the first requirement. He remarried his former wife, Elizabeth Davidson, plaintiff's mother, on March 27, 1914, a few days before testator's death. The real area of disagreement is whether the second requirement is met. Conditions precedent must be fulfilled to the very letter before an estate devised upon such condition can pass. (*Cronin* v. *Cronin,* 314 Ill. 345.) Plaintiff contends that the intention of the testator was only that his father have a child, any child. Defendant maintains, and was upheld by the court below, that the child referred to by the condition must be a child of the remarriage. Plaintiff asserts that the testator could just as well have said "if he should marry again his child or children shall inherit it in fee simple." However, that is not what the testator did say, and no words employed by him may be ignored.

Plaintiff asserts that for defendant's contentions to be upheld it is necessary to supply words identifying such child or children as offspring born of the remarriage. The construction offered by plaintiff does require the addition of words describing the child or children as "surviving the cestui." Plaintiff vigorously denies this charge, but he nevertheless argues that the language "and have a child or children" was probably employed to cover that possible situation where plaintiff might die prior to the death of the life tenant and no child was born of the remarriage. Plaintiff's construction is not a sound one, however, for in such case the property would nevertheless pass to Mary Scott Davidson by the very language of the tenth item were the disputed phrase omitted.

The two requirements of the condition precedent which must necessarily be fulfilled in order for the child or children of Thomas Scott Davidson to take the lands in fee simple are that Thomas Scott Davidson "marry again and

have a child or children." It is undisputed that the testator, at the time of the execution of the will, knew that Thomas Scott Davidson then had a child, this plaintiff. He made a specific bequest of $1000 to the plaintiff by the eighth item of this will, referring to him as his grandson. Thus, being obviously aware of plaintiff's existence, the inclusion of the words "and have a child or children" is useless and unnecessary if plaintiff's theory is adopted, unless he intended to require the survival of the plaintiff. No words included in a will are to be ignored in determining a testator's intention. (*Rasmusson* v. *Unknown Wife of Hoge*, 293 Ill. 101.) Every word is presumed to be used for some purpose. Therefore the phrase in dispute must be considered as purposely used. As previously stated plaintiff can only be sustained in his interpretation by the addition of words of survival. Words cannot be added to a will unless their insertion effectuates the obvious intention of the testator, and no other intention may be gathered from the words used alone. (*Scott* v. *Crumbaugh*, 383 Ill. 144; *Peck* v. *Drennan*, 411 Ill. 31; *Jordan* v. *Jordan*, 274 Ill. 251. It is not obvious that the testator intended to require survival by the use of this phrase, it being only a mere possible interpretation.

While testator had five other grandchildren, he made no specific bequests to them, such as the $1000 gift to plaintiff. This very fact, while not alone conclusive, tends to support the theory that plaintiff was not one of the class who would take the lands as "his child or children," or at least that he was not such "a child" as would meet the condition precedent and might therefore be excluded by failure of the condition.

The tenth item in stating the conditions precedent, joins the two requirements by the connective conjunction "and," without any distinction or separation by punctuation or descriptive phrases. The first condition required is that Thomas Scott Davidson marry. The verb "marry" is then

modified by the adverb "again" denoting that any such marriage would be a second marriage. The adverb "again" is followed by the conjunction "and," joining the phrase "have a child or children." It is thus required that Thomas Scott Davidson marry a second time and have a child or children. The joining of the requirements of "marry again" and "have a child or children" without punctuation or modification shows conclusively that each requirement is directly connected with and modifies the other. Thus, without the use of additional words it is clear that the child or children must result from the marriage. Such interpretation renders a clear meaning to the entire language of the condition without the addition of words, and is, moreover, entirely consistent with all other language and provisions in the entire will.

The intention of the testator is obvious from this consideration of the specific words used in the tenth item and all other related parts of the entire instrument. We thus reach the conclusion that the second requirement of the condition precedent has not been fulfilled. Plaintiff, while a child of Thomas Scott Davidson and Elizabeth Davidson, was not born of their remarriage, which occurred subsequent to the execution of the will. Plaintiff is elsewhere provided for by the will. The condition precedent not being satisfied in all particulars the lands cannot pass to the child or children of Thomas Scott Davidson. By the specific direction of the tenth item the lands passed in fee simple to Mary Scott Davidson, free of all claims by plaintiff. Accordingly, the decree of the circuit court of Marshall County is affirmed.

*Decree affirmed.*