HELEN BRADSHAW, INDIVIDUALLY AND AS ADMR. OF THE ESTATE OF RALPH B. LEWIS, Deceased, *et al.*, Plaintiffs, Counter-Defendants, Appellants, *v.* RALPH DAYTON LEWIS, INDIVIDUALLY AND AS ADMR. OF THE ESTATE OF RALPH B. LEWIS, Deceased, *et al.*, Defendants, Counter-Claimants, Appellees.

(No. 71-162; )

Second District—April 24, 1972.

Aplington, Kaufman & Barry, of La Salle, and Gunner & Keller, of Dixon, (Fremont M. Kaufman, of counsel,) for appellants.

Edward M. Sullivan, of Amboy, and Keegan & Gosdick, of Rockford, (Thomas A. Keegan, of counsel,) for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

In 1944, Ralph B. Lewis and Nellie R. Lewis, his wife, purchased as joint tenants a 440 acre farm, that they had farmed for many years as tenants, from the estate of their deceased landlord. In February, 1956, they executed a joint last will and testament that left all of their property to the survivor and, in the event of their simultaneous death, gave the farm to their son, Ralph Dayton Lewis. In 1962 Nellie R. Lewis conveyed her interest in the farm to Ralph Dayton Lewis by warranty deed that was recorded in February, 1963. On November 4, 1963, Nellie R. Lewis died.

Ralph B. Lewis died on July 5, 1968, and the joint will was admitted to probate on September 13, 1968, with his daughter, Helen Bradshaw, and his son, Ralph Dayton Lewis, appointed administrators with the will annexed. In addition to those two children, Lewis was survived by his daughters, Mary Frances Blythe, Marion Chaon, Esther Foley and Pauline Lafferty, all of whom are parties to this suit.

On September 19, 1969, Helen Bradshaw, Mary Frances Blythe and Marion Chaon brought suit against their brother and sisters to set aside the deed from Nellie R. Lewis to her son and to have the farm partitioned and sold. At the conclusion of the trial, the court ruled in favor of the defendants and this appeal followed.

It was alleged in count I of the complaint that since Nellie R. Lewis and Ralph B. Lewis did not die simultaneously, Ralph B. Lewis died intestate and that his interest in the farm, together with his other property, descended to his children in equal shares. In count II, the plaintiffs sought to set aside the deed for want of consideration and to impose a constructive trust on the farm for the benefit of all the children.

At the trial it was disclosed that the farm had an appraised value of approximately $164,000 and that, in addition to his interest in the farm, Ralph B. Lewis left a personal estate of close to $30,000. It was also brought out that the farm was purchased after the elder Lewises learned that Ralph intended to return to the farm after he was discharged from the armed services and that he worked on the farm until his marriage in 1951. In 1959, Ralph returned to the farm after his parents had moved "to town" and it was operated thereafter on a partnership basis between the father and son. Ralph was unaware of the provisions in the joint will of his parents until after the death of his father.

The trial court filed a memorandum of decision that stated "\* \* \* the will is construed as making a gift by implication of the real estate to the son, Ralph Dayton Lewis." On March 30, 1971, a decree was entered, in accordance with the memorandum, that held that there was no proof that the deed was other than a valid conveyance and that Ralph B. Lewis had made a gift by implication of his interest in the farm to his son and dismissed both counts of the complaint. The plaintiffs have appealed only from that portion of the decree relative to count I.

■■ The well known rule in the construction of wills is to ascertain the intention of the testator from the terms of the will itself and to give effect to that intention unless it is contrary to some established rule of law or public policy. (*Davidson v. Davidson*, 2 Ill.2d 197, 201; *Harris Trust and Savings Bank v. Jackson*, 412 Ill. 261, 266.) The joint will of Ralph B. and Nellie R. Lewis is relatively simple and provides, in part, as follows:

"Third: Should our deaths occur simultaneously so that neither survives the other, then we give, devise and bequeath all of our real estate, livestock and machinery to our son, Dayton R. Lewis, \* \* \*."

It provides further that "Dayton R. Lewis" be appointed executor if "\* \* \* our deaths occur simultaneously, so that neither survives the other \* \* \*."

It is, of course, not contended that the testators died simultaneously but it was held by the trial court, and argued here, that the will, when construed in the light of surrounding circumstances, made a gift of the farm by implication to their son.

■■■ The doctrine of devise or gift by implication has been recognized in Illinois in those cases where, despite the lack of precise language in the will itself, there can be no reasonable doubt that the testator intended to make the gift. (*Weir v. Leafgreen,* 26 Ill.2d 406, 411; *Stern v. Stern,* 410 Ill. 377, 384.) The doctrine can only be applied, however, where the intention of the testator is ambiguous since the court cannot, under the guise of construction, create a gift where, in fact, none was made. (*Weir v. Leafgreen, supra.*) If the intention of the testator can be ascertained from the words employed in the will, the court cannot consider extrinsic evidence to vary that intention. *Hoge v. Hoge,* 17 Ill.2d 209; *Davidson v. Davidson,* 2 Ill.2d 197, 201.

■■ The language employed in the Lewis' will was clear and unambiguous. Their real estate was to be devised to their son only if their deaths were simultaneous. There can be no possible doubt as to their understanding of the term "simultaneous" since they added the phrase "* * * so that neither survives the other." The court heard, and obviously was influenced by, extrinsic evidence despite the clear language of the will. However, since the trial included issues raised in both counts of the complaint, it was inevitable that evidence of the surrounding circumstances of the parties and their relation to the farm would be presented to the court. Even if we consider those circumstances, however, we could not conclude the testators intended to make a gift of the farm to their son.

Although the parties have cited a number of cases from other jurisdictions to support their respective positions, we feel that there is sufficient authority in the cases cited in this opinion to support our decision. It is our opinion that the will of Ralph B. and Nellie R. Lewis was clear and unambiguous and that the real estate owned by Ralph B. Lewis at his death descended to his heirs as intestate property.

Accordingly, we reverse that portion of the decree relative to Count I of the complaint and remand the cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

WOODWARD and KRAUSE, JJ., concur.